*In re* MAYFIELD

Docket No. 145258. Submitted December 2, 1992, at Grand Rapids. Decided February 16, 1993, at 9:10 A.M.

The parental rights of DeAngelo Burse in Dartanian Mayfield were terminated by the Kent County Probate Court, Donald J. DeYoung, J., on the ground of desertion, following adjudicative and dispositional hearings upon the petition of the Department of Social Services. Notices of the hearings, which had been sent to Burse by first-class mail, were returned for lack of a proper address. Burse appealed, claiming that he was entitled under MCL 712A.13; MSA 27.3178(598.13) to notice by registered mail, and that because the notices had been sent by first-class mail, the probate court lacked jurisdiction, rendering the proceedings void.

The Court of Appeals *held:*

1. Under the plain terms of MCL 712A.13; MSA 27.3178(598.13) service by mail of a summons or notice of a hearing concerning a probate court's assumption of jurisdiction of a child on the ground of neglect must be by registered mail. In this case, however, strict adherence to the statute would lead to an absurd result. The fact that the first-class mail was returned for lack of a proper address shows that the court could not have accomplished more had it sent the notices to the last known address by registered or certified mail.

2. The termination of Burse's parental rights was supported by clear and convincing evidence that he had deserted the child for more than ninety-one days. MCL 712A.19b(3)(a)(ii); MSA 28.3178(598.19b)(3)(a)(ii).

Affirmed.

COURTS — PROBATE COURTS — CHILD NEGLECT PETITIONS — ADJUDICATIVE HEARINGS — NOTICE.

A summons or notice of an adjudicative hearing concerning a child neglect petition, if transmitted by mail, must be by

REFERENCES

Am Jur 2d, Juvenile Courts § 43.

See ALR Index under Children; Neglect of Child; Notice and Knowledge; Process and Service of Process and Papers.

registered mail to the respondent's last known address (MCL 712A.13; MSA 27.3178[598.13]).

*William A. Forsyth,* Prosecuting Attorney, *Timothy L. McMorrow,* Chief Appellate Attorney, and *Gregory T. Boer,* Assistant Prosecuting Attorney, for the petitioner.

*Wheeler Upham, P.C.* (by *Duane J. Beach*), for the respondent.

Before: HOOD, P.J., and NEFF and REILLY, JJ.

REILLY, J. Respondent DeAngelo Burse appeals as of right a Kent County Probate Court order terminating his parental rights to Dartanian Mayfield (born on February 7, 1981) on the ground of desertion. MCL 712A.19b(3)(a)(ii); MSA 27.3178(598.19b)(3)(a) (ii). Neither Barbara Quinn, mother of Dartanian and Nathan Quinn, III, nor Nathan Quinn, II, is a party to this appeal. We affirm.

The petition for temporary custody of Dartanian and Nathan Quinn, III, alleging neglect, was authorized to be filed on October 19, 1990, following a preliminary hearing. A referee made the children temporary wards of the court and placed them in the care of their maternal grandmother pending an adjudicative hearing scheduled for November 8, 1990.

Before the adjudicative hearing, Barbara Quinn, the custodial parent, was personally served with a summons and a copy of the petition. Notice of the hearing and a copy of the petition were mailed to Nathan Quinn, II, and to respondent by first-class mail on October 23, 1990.[1] The mail to respondent,

---

[1] The record indicates that Nathan Quinn, II, received the copy of the petition and notices of hearings at his place of incarceration. His receipt of notice is not an issue before us.

addressed to "1302 or 1308 Weeks Street, Jackson, MS. 39213" was returned marked "no such number."

At the adjudicative hearing, Barbara Quinn appeared with her attorney and admitted the allegations in the petition. On November 16, 1990, the court sent respondent a copy of the order of disposition entered after the adjudicative hearing indicating that the plea admitting the allegations was accepted and that the children were made temporary wards of the court. The mail was addressed in the same manner, and again the mail was returned with the notation "no such number." On the same day, notice of the dispositional hearing, scheduled for December 6, 1990, was sent by first-class mail to respondent. It was also returned marked "no such number."

During the first week of December, respondent contacted the court office, indicated interest in custody, and asked to be represented at the December 6, 1990, hearing. It was determined that respondent's correct address was 1329 Weeks Street in Jackson. On December 3, 1990, Charles L. Clapp was appointed to represent respondent. Mr. Clapp appeared on respondent's behalf at the December 6, 1990, hearing and at all subsequent proceedings.

At the hearing on December 6, 1990, Darryl S. Weekley, the social work therapist assigned to the case, testified that an investigation had indicated that respondent had not provided Mrs. Quinn with any type of financial support for Dartanian. Mrs. Quinn stated that respondent left Michigan after being involved in a stabbing. Although there was reportedly a bench warrant issued for respondent for failure to pay child support, neither Mr. Clapp nor Mr. Weekley knew whether respondent was the putative or the legal father of Dartanian.

Following the hearing, the court ordered that the children be continued as temporary wards of the court. A copy of the order was sent by first-class mail to respondent at 1329 Weeks Street, Jackson, MS. It was not returned.

A supplemental petition seeking permanent custody under subsections 3(a)(ii)(desertion), 3(c)(i)(conditions leading to adjudication continue to exist and there is no likelihood they will be rectified within a reasonable time), 3(d)[now (g)] (neglect), and 3(e)[now (h)] (father of Nathan III in prison and the child will be deprived of a normal home for a period exceeding two years) of MCL 712A.19b; MSA 27.3178(598.19b) was authorized on May 2, 1991. The dispositional hearing regarding that petition was originally scheduled for June 6, 1991. Respondent was given statutory notice of that hearing by certified mail, which was sent to 1329 Weeks Street, Jackson, MS.[2] The mail was accepted by "James Grant" on May 7, 1991. On June 3, 1991, Mr. Matthew W. Moore, an attorney in Jackson, Mississippi, wrote to Mr. Clapp on respondent's behalf, seeking a delay of the proceedings because respondent was interested in obtaining custody, but was not able to attend the hearing. Pursuant to that request, the hearing was adjourned to September 5, 1991. Respondent was given statutory notice of the adjourned date by certified mail, sent to the same address, which was accepted by "Susie Clowers" on August 9, 1991.

On September 5, 1991, respondent did not appear for the hearing. His attorney indicated that he had not heard from the respondent in three months. Mr. Weekley testified that his last contact with respondent was by telephone on May 8, 1991. After taking testimony, the trial court terminated

[2] The term "registered mail" in MCL 712A.13; MSA 27.3178(598.13) includes certified mail. MCL 8.11; MSA 2.220.

respondent's parental rights on the basis of desertion, stating:

> It is very clear that since the inception of this case, that father has never attended one hearing, has not seen his son in well over two (2) years, has not provided any financial support and has not cooperated with the caseworker in working on a Parent Agency Agreement.
>
> * * *
>
> It appears that under Section 19b(3)(a)(ii) that he has deserted his child for 91 or more days, and has not sought custody during that period of time. That, in fact, he's not sought custody of this child for at least the last five years. He has made no efforts to comply with anything that would show his desire to obtain custody of Dartanian.

On appeal, respondent contends that because he was not provided with notice of the adjudicative hearing held on November 8, 1990, or the dispositional hearing held on December 6, 1990, the trial court lacked jurisdiction to proceed, and all actions taken by the court resulting in the termination of his parental rights were void ab initio. Respondent first claims that he was entitled to notice of the adjudicative hearing and the dispositional hearing pursuant to MCR 5.920(B)(4) or, in the alternative, by publication pursuant to MCR 5.105(A)(3). He argues that the notices of those hearings, which were sent to him by first-class mail at the wrong address, and returned to the court, were insufficient to satisfy the jurisdictional requirements of the court rules.

Respondent's contention that the requirements of the Juvenile Court Rules are jurisdictional is erroneous. The jurisdiction of the probate court must be determined solely by reference to the statutes. *In re Brown,* 149 Mich App 529, 540; 386

NW2d 577 (1986). Although a failure to follow the court rules regarding notice requirements would not establish a jurisdictional defect, failure to provide the applicable statutory notice would. *Id.* at 540-542.

After a probate court determines that a petition should be authorized, a parent not having custody of a child must be served with notice of the petition and the time and place of an adjudicative hearing regarding the petition. MCL 712A.12; MSA 27.3178(598.12); MCL 712A.13; MSA 27.3178(598.13). Lack of service before the adjudicative hearing is not cured even though the noncustodial parent is represented by counsel at the hearing, and has received actual notice of the time and place of the hearing. *In re Brown, supra.*[3]

However, MCL 712A.13; MSA 27.3178(598.13) provides for alternative methods of service that are sufficient to confer jurisdiction on the probate court. *In re Adair,* 191 Mich App 710, 714; 478 NW2d 667 (1991). Section 13 provides in part:

> Service of summons may be made anywhere in the state personally by the delivery of true copies thereof to the persons summoned: Provided, That if the judge is satisfied that it is impracticable to serve personally such summons or the notice provided for in the preceding section, he may order service by registered mail addressed to their last known addresses, or by publication thereof, or

---

[3] In *In re Brown,* the Court set aside an order of termination, holding that because the jurisdiction requirement of MCL 712A.12; MSA 27.3178(598.12) was not complied with, "jurisdiction was never established and . . . the orders emanating from these proceedings were void." *Id.* at 542. The mother in *In re Brown* was the only living parent and, therefore, was the only party to whom it was necessary to provide notice pursuant to MCL 712.12; MSA 27.3178(598.12). The orders emanating from the proceedings related to her parental rights only. The failure to comply with the statutory notice provision precluded the orders from being effective against her. MCL 712A.18(4); MSA 27.3178(598.18)(4). See n 5, *infra.*

both, as he may direct. It shall be sufficient to confer jurisdiction if (1) personal service is effected at least 72 hours before the date of hearing; (2) registered mail is mailed at least 5 days before the date of hearing if within the state or 14 days if outside of the state; (3) publication is made once in some newspaper printed and circulated in the county in which said court is located at least one week before the time fixed in the summons or notice for the hearing. [MCL 712A.13; MSA 27.3178(598.13).]

In this case, respondent was not personally served pursuant to MCL 712A.12; MSA 27.3178(598.12). He was, however, sent notice of the adjudicative hearing with a copy of the original petition, and notice of the dispositional hearing, by first-class mail to his last known address. That mail was returned to the court marked "no such number." Assuming that respondent has shown that he is the legal father of Dartanian in accordance with MCR 5.903(A)(4),[4] we believe that failure to give him notice according to the procedure provided by the statute did not render those proceedings void. We reach this conclusion because we believe that the form of substituted service rendered in this case effectively complied with the requirements of MCL 712A.13; MSA 27.3178(598.13).

Personal service on respondent was not possible because he had fled the state and his whereabouts was unknown. The trial court's three attempts to notify respondent at his last known address by first-class mail were unsuccessful. Even so, when the notices were returned marked "no such num-

---

[4] The trial court proceeded on the premise that respondent was the father of Dartanian. Because the record is void of any proof that respondent acknowledged paternity, we take no position regarding the respondent's paternity. MCR 5.903(A)(4) and (12). *In re Gillespie,* 197 Mich App 440; 496 NW2d 309 (1992).

ber," they accomplished the purpose intended by the requirement in MCL 712A.13; MSA 27.3178(598.13) that notice be sent by registered mail to the last known address, i.e., to provide evidence to the court that notice was actually delivered to the respondent's last known address. The probate court could not have accomplished more had it sent the notices to the last known address by registered or certified mail. Service by publication in a newspaper in the county in which the probate court was located obviously would have been to no avail. It is apparent from the record that respondent could not have been contacted under any method provided by MCL 712A.13; MSA 27.3178(598.13). Therefore, the fact that the returned notice marked "no such number" was sent to respondent's last known address by first-class mail rather than registered mail did not preclude the probate court from assuming jurisdiction and exercising its authority to act in this matter. The orders assuming jurisdiction over the children, making them temporary wards and placing them in the care of their maternal grandmother, were binding on respondent. MCL 712A.18(4); MSA 27.3178(598.18)(4).[5]

We find that this case is distinguishable from *In re Brown, supra,* where the only living parent, the mother, was not notified of an adjudicative hearing in accordance with the requirements of MCL

---

[5] Section 18(4) provides:

An order directed to a parent or a person other than the child shall not be effectual and binding on the parent or other person unless opportunity for hearing has been given pursuant to issuance of summons or notice as provided in sections 12 and 13 of this chapter, and until a copy of the order, bearing the seal of the court, is served on the parent or other person, personally or by first class mail, to the parent's or other person's last known address, as provided in section 13 of this chapter.

712A.12; MSA 27.3178(598.12), or apparently through any method of substituted service.

This case is also distinguishable from *In re Adair, supra,* where the order of temporary custody was set aside and the matter was remanded to the trial court for a determination whether substituted service on the noncustodial parent was appropriate. The court questioned whether reasonable attempts had been made to serve notice by registered or certified mail to the noncustodial parent, who was believed to be incarcerated in Virginia, before the decision was made to grant substituted service by publication in the county where the court was situated.

The *Adair* Court, relying on *In re Brown,* apparently reasoned that because service by registered or certified mail might have provided actual notice, and afforded the noncustodial mother the opportunity to provide a plan to have a relative care for the children, failure to give such notice, when feasible, would deprive the probate court of jurisdiction over the noncustodial mother and compel vacation of the order for temporary custody. 191 Mich App 714-715.

Although we recognize that statutes requiring notice to parents are to be strictly construed, *In re Brown, supra* at 542, we also are cognizant that statutes are to be construed to avoid absurd or unreasonable results. *American Community Mutual Ins Co v Comm'r of Ins,* 195 Mich App 351; 491 NW2d 597 (1992); *Richmond Twp v Erbes,* 195 Mich App 210, 222; 489 NW2d 504 (1992). In this case, the probate court had jurisdiction over the subject matter of the temporary custody proceedings pursuant to MCL 712A.2(b); MSA 27.3178(598.2)(b). It also had personal jurisdiction over the mother, the custodial parent, who was personally served a summons. We believe we

would reach an absurd result if we were to determine that the probate court did not have the authority to act, and that the entire proceedings from the adjudicative hearing to the final order for termination of parental rights were void, because the notices of the hearings and a copy of the petition were sent to respondent's last known address by first-class mail rather than registered mail. We emphasize, however, that our decision rests upon the fact that the first-class mail was returned marked "no such number," effectively accomplishing the same purpose as registered mail sent to the last known address.

Finally, the order of termination was based upon clear and convincing evidence of the respondent's desertion of Dartanian for more than ninety-one days. MCL 712A.19b(3)(a)(ii); MSA 28.3178(598.19b) (3)(a)(ii).

Affirmed.