# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DAWSON, Minors.

UNPUBLISHED
December 11, 2014

No. 320434
Saginaw Circuit Court
Family Division
LC No. 11-033071-NA

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

Respondent-father appeals as of right from the trial court's order terminating his parental rights to his three minor children under MCL 712A.19b(3)(a) (desertion of the child) and (g) (failure to provide proper care or custody). We affirm.

## I. BACKGROUND

Respondent-father's children were removed from his home in August 2012 after it was alleged that the home had a hole in the roof that was not repaired for several months, the children were repeatedly observed hungry, dirty, and with foul body odor, and the children were exposed to multiple instances of domestic violence. Following a formal hearing in October 2012, respondent-father signed a parent-agency treatment agreement in which he agreed to attend court-ordered counseling sessions, complete a parenting skills class, maintain visitation with his children, and attend all related hearings. At a review hearing in January 2013, a caseworker reported that while respondent-father had obtained new housing, the home was without appliances or beds for the children. The caseworker testified that a second inspection could be done if respondent-father rectified the housing problems. However, due to concerns about respondent-father's parenting behavior, respondent-father needed to complete his parenting class and counseling sessions before unsupervised visits with his children would be permitted. In October 2013 petitioner filed a supplemental petition to terminate respondent-father's parental rights. At the subsequent evidentiary hearing, the caseworker, respondent-father's therapist, respondent-father's parenting class coordinator, and the children's therapists testified that on or shortly before May 2013 or before, respondent-father ceased attending all communications, counseling sessions, parenting classes and visitations with his children.

## II. TERMINATION OF PARENTAL RIGHTS

Respondent-father argues that the court erred in terminating his parental rights. After a review of the record, we conclude otherwise.

-1-

We review for clear error a trial court's finding that a statutory ground for termination has been proven by clear and convincing evidence, MCR 3.977(K); *In re Sours*, 459 Mich 624, 633; 593 NW2d 520 (1999), as well as the court's finding that termination was in the children's best interests, *In re Trejo*, 462 Mich 341, 357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

MCL 712A.19b(3)(g) allows for termination of parental rights when the court finds by clear and convincing evidence that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." One way petitioner can establish the existence of this circumstance is by providing evidence that a parent did "not sufficiently compl[y] with court-ordered requirements in the parent-agency agreements." *In re Trejo*, 462 Mich at 360; see also *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). Minimal compliance "with the more important aspects of the family plan, including visitation with the children" is deemed insufficient to avoid termination under MCL 712A.19b(3)(g). *In re BZ*, 264 Mich App at 300.

In the present case, respondent-father did not comply with the terms of his parent-agency treatment agreement. He ceased attending all court ordered parenting classes and counseling sessions, and stopped communicating with petitioner about his children in May 2013. Respondent-father argued he was not receiving proper support and lacked transportation. However, the parenting class supervisor testified that she would have accommodated respondent-father had he informed her of his problems, which he did not do. Two other service providers testified that they attempted to set up services in Flint where respondent father resided, but respondent-father ceased all communications with them despite their repeated text messages, phone calls, e-mails, and letters. Moreover, as the trial court found, respondent-father was able to make arrangements for transportation to attend the termination hearings, was able to get to work on a regular basis, and was able to travel between Flint and Detroit. The transportation issues appear to be a subterfuge for lack of commitment or effort on his part.

Although there was some conflicting testimony between respondent-father and the service providers about the providers' willingness and efforts to assist respondent-father, we will defer "to the special ability of the trial court to judge the credibility of [those] witnesses." *In re White*, 303 Mich App 701, 711; 846 NW2d 61 (2014). Accordingly, we conclude that the trial court did not clearly err in finding by clear and convincing evidence that respondent-father failed to provide proper care and custody for his children under MCL 712A.19b(3)(g).

Petitioner need only establish one ground for termination under MCL 712A.19b(3) to prevail on a petition to terminate parental rights. *In re Trejo*, 462 Mich at 360. However, we find that the court did not err in finding that there was clear and convincing evidence under MCL 712A.19b(3)(a) to show that respondent-father deserted his children. MCL 712A.19b(3)(a) provides statutory grounds for termination under the following circumstances:

> (*i*) The child's parent is unidentifiable, has deserted the child for 28 or more days, and has not sought custody of the child during that period. For the

purposes of this section, a parent is unidentifiable if the parent's identity cannot be ascertained after reasonable efforts have been made to locate and identify the parent.

(*ii*) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.

The court did not specify whether it considered subsection (*i*) or (*ii*). However, (*i*) is not applicable to the instant case because respondent-father was identified as the legal father of the three children in issue.

A court may terminate parental rights under MCL 712A.19b(3)(a)(*ii*) when a parent has "little or no contact with her [or his] children" and fails to "comply with parent agency agreements geared at providing the children with a stable home." *In re Hall*, 188 Mich App 217, 223-224; 469 NW2d 56 (1991). Further, when a parent does not attend hearings, does not see his or her children, does not provide financial support, and is not cooperative with the caseworker during the 91 day statutory period, a court may terminate parental rights. *In re Mayfield*, 198 Mich App 226, 230, 235; 497 NW2d 578 (1993).

It is clear that as of May 2013, respondent-father had ceased to participate in activities involving his children, did not communicate or interact with his children, and did not attend any court ordered counseling or services to improve his parenting skills, and did not reengage with the service providers until petitioner filed its petition to terminate parental rights in October 2013. The evidence is sufficient to establish that respondent-father abandoned his children under MCL 712A.19b(3)(a)(*ii*).

A court shall terminate parental rights "[i]f the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interest." MCL 712A.19b(5); see also *In re Moss*, 301 Mich App 76, 83; 836 NW2d 182 (2013). "Whether termination of parental rights is in the best interest of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. "To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *In re White*, 303 Mich App at 713, quoting *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted by *In re White*). Further, the court may consider a parent's compliance with a service plan, visitation history with the child, a history of domestic violence, and the possibility of adoption. *Id*. at 714.

The trial court determined that respondent-father failed to comply with the parent-agency agreement or request any visitation with his children between May 2013 and the first of December 2013. The court noted that the children were resigned to respondent-father's lack of participation in their lives, believing that he just did not care. The court noted that the children were in a stable foster-care environment for nearly three years and were placed with foster parents "who will adopt if the parental rights are terminated." The court emphasized the children's need for security and stability in their lives.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens