# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. MALLETT, Minor.

UNPUBLISHED
June 15, 2017

No. 335758
Ingham Circuit Court
Family Division
LC No. 15-001056-NA

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

Respondent appeals the order that terminated his parental rights to his minor son under MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist), MCL 712A.19b(3)(c)(*ii*) (failure to rectify conditions leading to adjudication), MCL 712A.19b(3)(g) (failure to provide proper care and custody), and MCL 712A.19b(3)(j) (reasonable likelihood of harm). Because the trial court lacked personal jurisdiction over respondent, we vacate in part and remand.

Respondent's sole argument on appeal is that the trial court lacked jurisdiction because it failed to follow the proper procedure when it ordered service of notice by publication. We review this issue de novo. *In re Terry*, 240 Mich App 14, 20; 610 NW2d 563 (2000).

MCL 712A.13 provides for alternative service and states, in pertinent part:

> [I]f the judge *is satisfied that it is impracticable* to serve personally such summons or the notice provided for in the preceding section, he may order service by registered mail addressed to their last known addresses, or by publication thereof, or both, as he may direct. It shall be sufficient to confer jurisdiction if (1) personal service is effected at least 72 hours before the date of hearing; (2) registered mail is mailed at least 5 days before the date of hearing if within the state or 14 days if outside of the state; (3) publication is made once in some newspaper printed and circulated in the county in which said court is located at least 1 week before the time fixed in the summons or notice for the hearing. [Emphasis added.]

"While [the statute] allows for alternative methods of service of process, it still requires that the trial court first determine that personal service is impracticable." *In re Adair*, 191 Mich App 710, 714; 478 NW2d 667 (1991). Consistent with this is MCR 3.920(B)(4)(b):

-1-

> If the court finds, on the basis of testimony or a motion and affidavit, that personal service of the summons is impracticable or cannot be achieved, the court may by ex parte order direct that it be served in any manner reasonably calculated to give notice of the proceedings and an opportunity to be heard, including publication.

And in determining that personal service would be impracticable, the trial court must first find that reasonable efforts were made to locate respondent. *In re Adair*, 191 Mich App at 714-715.

Here, at the pretrial hearing, the referee ordered service by publication to notify respondent of the termination hearing date. When doing so, the referee relied solely on the fact that respondent's counsel had not had any contact with respondent "in a number of months." There were no statements regarding what steps either petitioner or respondent's attorney took to locate respondent. And during the termination hearing, the trial court noted that the referee's decision to order service by publication was appropriate because respondent's "whereabouts are unknown."[1]

During both the pretrial hearing and the termination hearing, no inquiry was made about what reasonable efforts had been made by *petitioner* to locate respondent. Respondent's counsel recited her efforts at the trial court, but it is petitioner who "is charged with providing that service of process is accomplished in accordance with the court rules. While others may be required to assist in locating a respondent if they possess special information, the burden should not fall solely on court-appointed counsel . . . ." *Id.* at 715.

Nor did the referee, when it ordered service by publication, determine on the record "that personal service of the summons is impracticable or cannot be achieved." And given the foster-care case worker's past involvement with respondent's family, petitioner could have used these contacts to determine whether respondent could have been located and served. See *id.* at 714 (stating that "it would have been reasonable to contact the [respondent's] family . . . in an effort to find respondent before resorting to substituted service"). Indeed, the practicality of such an approach is borne out by the fact that respondent's aunt provided the trial court with respondent's current address when the court made a request *at the conclusion of the termination hearing* for assistance in serving the termination orders on respondent.

---

[1] At the trial court, respondent's counsel also detailed the efforts *she* undertook to locate respondent.

Accordingly, because the trial court did not have personal jurisdiction over respondent-father, the termination order with respect to him is void. We vacate the portion of the order with respect to respondent-father and remand for further proceedings. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell