*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. N. ALLEN, Minor.

UNPUBLISHED
July 18, 2019

No. 347234
Genesee Circuit Court
Family Division
LC No. 18-135273-NA

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

The circuit court terminated respondent-father's parental rights to his young daughter based on a substantiated allegation of sexual abuse. Respondent's sole challenge on appeal is that he did not receive notice of the combined adjudicative trial-termination hearing. Notice was sufficient in this case and we affirm.

I

The Department of Health and Human Services (DHHS) filed a petition requesting jurisdiction over the subject child and termination of respondent's parental rights on June 27, 2018. The petition listed respondent's address as "8126 24 Mile Rd #3 Shelby Township, MI 48316." The petition included a telephone number for respondent, but it was crossed out and the notation "none" was inserted. A number belonging to respondent's father was included instead. Respondent received the petition and appeared in court on July 24 and August 14, 2018.

On September 11, 2018, respondent indicated his willingness to enter a no-contest plea to grounds for both jurisdiction and termination. The court detected some hesitation on respondent's part and adjourned the hearing until October 9 to allow respondent more time to consider his decision. At the September 11 proceeding, respondent informed the court that his address was "[8126 24] Mile Road, Shelby Township, Michigan 48316" and the court confirmed that respondent wanted that address used "for mailing purposes."

Despite notification on the record of the date and time for the next hearing, respondent did not appear on October 9. Respondent's attorney noted that for the September 11 hearing, respondent had travelled by bus from Shelby Township to Flint "the day before and slept outside

-1-

so he could be present . . . ." Counsel had not heard from respondent since that hearing. The court proceeded to schedule the combined adjudicative trial-termination hearing, initially for December 6, but quickly corrected the date to December 5. The order entered following the October 9 hearing listed "12/5/18 AT 9:30 AM" as the time for the next proceeding.

As respondent was not at the October 9 hearing, the court mailed its order to respondent at "8126 24 Mile Rd, Shelby Township MI 48316." The DHHS also filed a motion for alternate service, indicating that to "ascertain [respondent's] current address," it had used the address reported by respondent on the record, contacted the Friend of the Court, and questioned the child's mother and other family members. The DHHS noted that it tried to serve process on respondent by contacting family members, "[a]ttempted face to face contact with" respondent, "[a]ttempted phone contact" with respondent, and contacted the Genesee County Friend of the Court to verify respondent's address. In an accompanying affidavit, the DHHS attested that it attempted to serve respondent at "8126 24 Mile Rd #3 Shelby Township, MI 48316" and "through last known phone numbers" and family members. The court granted the motion and notice was apparently published in both the Genesee and Macomb Legal News.

Respondent did not appear at the adjudicative trial-termination hearing on December 5, and his attorney had not heard from him since the September 11 hearing. He also had no contact with the DHHS caseworker. The court stated, "I am satisfied that notice is appropriate. In spite of the circumstances, the Court is going to proceed . . . ." At the close of trial-hearing, but before terminating respondent's parental rights, the court noted that respondent did not appear that day but that the court had protected respondent's constitutional rights by appointing counsel who did appear at every proceeding.

The court mailed the order of adjudication and termination and advice of rights to respondent at:

8126 24 Mile Rd #3

Mailing Address Given in Court

Shelby Twp MI 48316

Respondent received the order and submitted a request for court-appointed appellate counsel. On both the form and in the return address section of the mailing envelope, respondent listed his address as "8126 24 Mile Rd, Shelby Twp, MI 48316." He also provided a phone number that matched neither on the petition. The court advised respondent of the appointment of counsel at "8126 24 Mile Rd. Shelby Twp, MI 48316" and respondent apparently received that notice as well.

With the assistance of appointed appellate counsel, respondent now appeals, challenging the adequacy of the notice provided.

II

Natural parents have a "fundamental liberty interest in the care, custody, and management of their child," and the state must therefore meet a high burden before terminating

-2-

an individual's parental rights. *Santosky v Kramer*, 455 US 745, 753-754; 102 S Ct 1388; 71 L Ed 2d 599 (1982). The importance of a parent's "essential" and "precious" right to raise his child is well-established in our jurisprudence. *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009). Because "[t]his right is not easily relinquished," "to satisfy constitutional due process standards, the state must provide the parents with fundamentally fair procedures." *Id*. (quotation marks and citation omitted). As our Supreme Court acknowledged in *Hunter*, "where the parental interest is most in jeopardy, due process concerns are most heightened." *Id*. at 269.

The foundation of a fundamentally fair procedure is notice. MCL 712A.12 requires that a parent named in a termination petition receive personal service of a summons before the court may conduct a hearing:

> After a petition shall have been filed and after such further investigation as the court may direct . . . the court may dismiss said petition or may issue a summons reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child, or with whom the child may be, to appear personally and bring the child before the court at a time and place stated: Provided, That the court in its discretion may excuse but not restrict children from attending the hearing. If the person so summoned shall be other than the parent or guardian of the child, then the parents or guardian, or both, shall also be notified of the petition and of the time and place appointed for the hearing thereon, by personal service before the hearing, except as hereinafter provided. Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the judge, is necessary.

> Any interested party who shall voluntarily appear in said proceedings, may, by writing, waive service of process or notice of hearing. [MCL 712A.12.]

MCL 712A.13 provides an exception to the personal service requirement when "the judge is satisfied that it is impracticable to serve personally such summons or the notice." In such cases, the court "may order service by registered mail addressed to their last known addresses, or by publication thereof, or both, as he may direct." *Id*.

The court rules reinforce the necessity of personal service. MCR 3.920(G) provides that if a parent has already received notice of the child protective proceedings, a subsequent notice for a termination hearing must be served as a summons pursuant to MCR 3.920(B). "In a child protective proceeding, a summons must be served on the respondent." MCR 3.920(B)(2)(b). MCR 3.920(B)(4)(a) and (b) demand personal service unless the petitioner proves it "is impracticable or cannot be achieved." These rules serve "to ensure due process to a parent facing . . . termination of his parental rights." *In re Rood*, 483 Mich 73, 93; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.).

We must strictly construe statutes and court rules requiring service of notice to parents. *In re Dearmon/Haverson-Dearmon*, 303 Mich App 684, 693; 847 NW2d 514 (2014). And "failure to provide notice of hearing by personal service on a noncustodial parent in a

termination proceeding as required by statute is a jurisdictional defect that renders all proceedings in the [lower] court void." *In re Adair*, 191 Mich App 713-714; 478 NW2d 667 (1992) (citations omitted).

Respondent received the notice anticipated in the statute and court rule in this case. Respondent did not appear at the October 9, 2018 hearing. Yet, respondent had been notified in person of the hearing date and time on the record at the September 11 proceeding.

Notice of the December 5 adjudicative trial-termination hearing was mailed to respondent at his Shelby Township address, as were later notices and documents. This is where the confusion began. In some instances, an apartment number was included in the address. The court's notice regarding the hearing date was mailed to respondent without including the apartment number. However, the DHHS indicated that it unsuccessfully attempted to personally serve respondent at an address that did include the apartment number. When service attempts were unsuccessful, the DHHS attempted to contact respondent by various phone numbers he had provided and by contacting other family members. All to no avail.

The confusion regarding respondent's address does not require relief. Respondent himself did not believe an apartment number was necessary in his address. He personally filled out forms, addressed an envelope, and advised the court using an address without an apartment number. It appears from the record before us that mail reached respondent even without the identification of an apartment number, given his receipt of notice that appellate counsel had been appointed to represent him. Notice mailed to the address provided by respondent was reasonably calculated to provide the notice required.

Moreover, only when the attempts at personal service and to track down respondent failed did the court permit alternative service by publication. MCL 712A.13 permits this form of alternative service and it is deemed reasonably calculated to ensure notice. As respondent was served notice both by mail at the address he provided and by publication, his claim lacks merit.

We affirm.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher