*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. CLARK, Minor.

UNPUBLISHED
June 23, 2022

No. 358394
Genesee Circuit Court
Family Division
LC No. 18-135398-NA

Before: GLEICHER, C.J., and SAWYER and GARRETT, JJ.

PER CURIAM.

Respondent, the father of the minor child, appeals as of right the trial court's order terminating his parental rights to the child pursuant to MCL 712A.19b(3)(a)(*ii*), (b)(*i*), (c)(*i*), (g), and (j). Respondent does not challenge the trial court's determination that multiple statutory grounds for termination were established by clear and convincing evidence, or its finding that termination of his parental rights was in the child's best interests. Instead, his issues on appeal involve the adjudication trial and other proceedings before the termination hearing. Specifically, respondent asserts that he was never properly served before the adjudication trial, and that the trial court erred by failing to appoint new counsel for him for the adjudication trial after the court granted his request to remove his third appointed attorney, and further erred by conducting the adjudication trial without respondent's presence. Concluding there was no error warranting reversal, we affirm.

## I. LACK OF JURISDICTION

Respondent first argues that the trial court lacked personal jurisdiction over him because he was never properly served with notice of the adjudication trial. We disagree.

"Whether proceedings complied with a party's right to due process presents a question of constitutional law that we review de novo." *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). Issues of personal service and jurisdiction are also reviewed de novo. *In re Terry*, 240 Mich App 14, 20; 610 NW2d 563 (2000).

In *In re SZ*, 262 Mich App 560, 564-565; 686 NW2d 520 (2004), this Court explained:

A parent of a child who is the subject of a child protective proceeding is entitled to personal service of a summons and notice of proceedings. MCL 712A.12; MCR 3.920(B)(4)(a). However, in cases in which personal service is impracticable, substituted service is permissible. MCL 712A.13; MCR 3.920(B)(4)(b). Substituted service is sufficient to confer jurisdiction on the court. *In re Mayfield*, 198 Mich App 226, 231; 497 NW2d 578 (1993).

Specifically, MCL 712A.13 provides:

Service of summons may be made anywhere in the state personally by the delivery of true copies thereof to the persons summoned: Provided, That if the judge is satisfied that it is impracticable to serve personally such summons or the notice provided for in the preceding section, he may order service by registered mail addressed to their last known addresses, or by publication thereof, or both, as he may direct. It shall be sufficient to confer jurisdiction if (1) personal service is effected at least 72 hours before the date of hearing; (2) registered mail is *mailed* at least 5 days before the date of hearing if within the state or 14 days if outside of the state; (3) publication is made once in some newspaper printed and circulated in the county in which said court is located at least 1 week before the time fixed in the summons or notice for the hearing.

Service of summons, notices or orders required by this chapter may be made by any peace officer or by any other suitable person designated by the judge. The judge may, in his discretion, authorize the payment of necessary traveling expenses incurred by any person summoned or otherwise required to appear at the time of hearing of any case coming within the provisions of this chapter, and such expenses and the expenses of making service as above provided, when approved by the judge, shall be paid by the county treasurer from the general fund of the county.

If any person so summoned, as herein provided, shall fail without reasonable cause to appear before said court, he may be proceeded against for contempt of court and punished accordingly. [Emphasis added.]

With respect to whether the trial court was "satisfied that it is impracticable to serve [respondent] personally," the trial court did not explicitly state that personal service was impractical. However, there is no requirement in MCL 712A.13 that the trial court explicitly state on the record that personal service is impractical before substitute service may be ordered. Even if such a requirement may be implied, it is apparent from the record that the trial court found that personal service was impractical, especially after respondent's initial display of contempt for counsel and the court. In particular, respondent did not personally attend the scheduled trial on December 5, 2018, but he eventually participated in that hearing by phone. The court agreed to adjourn the trial, but personal service of notice of the next trial date could not be accomplished at that time. Further, the trial court did not find respondent's absence to be acceptable. The court noted that respondent had an appointed attorney, was aware of the trial date, and had "been just shy of belligerent to my office." During a discussion about why respondent wanted to fire his third appointed attorney, counsel informed the court that she had sent respondent letters informing him of the trial date, and she had also spoken with him personally. When asked why he wanted to fire

his appointed attorney, respondent initially stated that he had already been representing himself, and claimed that he had not been interviewed and had not spoken with anyone about the petition. The trial court found that respondent's statements were not credible, and admonished respondent to stop playing semantic games with the court. When the court asked respondent if it was true that the court had previously appointed two attorneys and that respondent had fired both of them, respondent instead replied that he was "not aware of the petition to answer [the court's] question." The court found that respondent was well aware of the petition because he was currently on the phone with the court. The court then told respondent that it would provide a new trial date with notice for him to appear. The trial court also provided notice of the new trial date to respondent personally on the record.

It is evident from the court's statements that it believed it was necessary to both personally provide respondent with notice of the new trial date at the December hearing and also send him notice by mail. Indeed, respondent was in Florida at this time, and thus personal service could not occur at the December hearing. To the extent that respondent argues that the trial court did not make an explicit determination that personal service was impractical, his argument is not persuasive.

The record indicates that in addition to personally notifying respondent of the new trial date, respondent was also thereafter served by certified mail with notice of the new trial date. On appeal, respondent does not address the service by certified mail. He argues only that informing him on the record was insufficient to provide notice. Further, although MCL 712A.13 refers to substitute service by registered mail, the service by certified mail was sufficient to satisfy the statute. MCL 8.11 provides:

> Wherever there is contained in the statutes of this state the term or terms, or direction for the use of, "registered mail" or "registered mail, return receipt requested," such term or terms shall be deemed to include the term or terms "certified mail" or "certified mail, return receipt requested," and in the case of certified mail the receipt of mailing shall be postmarked.

Respondent argues that counsel for petitioner acknowledged that notice had not been served because respondent refused to accept it. However, under MCL 712a.13, it "shall be sufficient to confer jurisdiction if . . . registered mail is *mailed* . . . ." There is no requirement that service be *accepted* in order to satisfy the statute. This Court will not read any language into a statute that is not plainly expressed. *People v Pinkney*, 501 Mich 259, 266; 912 NW2d 535 (2018). Moreover, respondent cannot refuse to accept service and then claim an error on that basis, because allowing him to do so would permit him to harbor error as an appellate parachute. See *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

In sum, the record indicates that, pursuant to MCL 712A.13, the trial court reasonably determined that personal service was impractical. The record further indicates that in addition to being personally notified on the record of the new trial date, respondent was also properly served by certified mail. Thus, the trial court properly exercised jurisdiction over respondent.

## II.  LACK OF COUNSEL AT THE ADJUDICATION TRIAL

Respondent next argues that he was denied due process because he was not represented by counsel at the January 25, 2019 adjudication trial.  We disagree.

This Court has recognized that "the United States Constitution guarantees a right to counsel in parental rights termination cases" and that "the constitutional right of due process confers on indigent parents the right to appointed counsel at hearings that may involve the termination of their parental rights."  *In re Williams*, 286 Mich App 253, 275-276; 779 NW2d 286 (2009).  In Michigan, a respondent's right to counsel in termination proceedings is also protected by statute and court rule.  *Id*. at 274.  Specifically, the right to counsel and the right to an appointed attorney for an indigent respondent in such proceedings are embodied in MCL 712A.17c(4) and (5), as well as MCR 3.915(B)(1)(a) and (b).  However, that does not mean that a respondent is entitled to counsel of the respondent's choice.  Further, although termination of parental rights is not criminal in nature, this Court has consistently applied principles of effective assistance of counsel in the criminal context to child protection proceedings by analogy.  *In re HRC*, 286 Mich App 444, 458; 781 NW2d 105 (2009); *In re EP*, 234 Mich App 582, 598; 595 NW2d 167 (1999), overruled on other grounds *In re Trejo*, 462 Mich 341; 612 NW2d 407 (2000); *In re Simon*, 171 Mich App 443, 447; 431 NW2d 71 (1988).  To that end, this Court has held:

> An indigent defendant . . . is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced.  Substitution of counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process.  Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest.  A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause.  Likewise, a defendant's general unhappiness with counsel's representation is insufficient. [*People v McFall*, 309 Mich App 377, 382-383; 873 NW2d 112 (2015) (quotations and citations omitted).]

Moreover, "[a] defendant may not purposely break down the attorney-client relationship by refusing to cooperate with his assigned attorney and then argue that there is good cause for a substitution of counsel."  *People v Traylor*, 245 Mich App 460, 462-463; 628 NW2d 120 (2001) (quotation omitted).

In addition, a respondent's right to waive counsel in a child protection proceeding is recognized by both statute and court rule.  MCL 712A.17c(6) provides:

> Except as otherwise provided in this subsection, in a proceeding under section 2(b) or (c) of this chapter, the respondent may waive his or her right to an attorney.  A respondent who is a minor may not waive his or her right to an attorney if the respondent's parent or guardian ad litem objects.

-4-

Similarly, MCR 3.915(B)(1)(c) provides that "[t]he respondent may waive the right to the assistance of an attorney, except that the court shall not accept the waiver by a respondent who is a minor when a parent, guardian, legal custodian, or guardian ad litem objects to the waiver." Thus, the right to counsel in child protection proceedings "may be 'waived' or relinquished." *In re Hall*, 188 Mich App 217, 222; 469 NW2d 56 (1991).

In the instant case, the record does not support respondent's claim that the trial court erred by not appointing a third attorney to represent him at the adjudication trial.

Respondent unequivocally indicated that he did not want to proceed with current counsel, and respondent did not establish that he was entitled to replacement counsel. When the court asked respondent why he did not want to continue to be represented by current counsel, respondent maintained that neither she nor "any legal assistant" had spoken with him. This was refuted by counsel's testimony that she had spoken with respondent on the phone and had also sent him written notice of the scheduled December 5, 2018 trial date. Counsel explained that "while attempting to discuss the case [with respondent], he talked over me consistently, [and] alleged . . . on several occasions that I was ineffective." Counsel admitted that at this point she "hung up on him." Respondent's claim that counsel had not spoken to him was also refuted by respondent's own statement in which he explained that he wanted to fire her because she "comes up in my face." Also, when asked by the court whether it was true that the court had previously appointed two other attorneys and that respondent had fired them, respondent merely nonresponsively replied that he was "not aware of the petition to answer [the court's] question." The court responded that respondent was well aware of the petition because he was currently on the phone with the court, and expressed that respondent was attempting to create an avenue for appeal by being belligerent and uncooperative. The trial court also informed respondent that he could choose to represent himself or hire replacement counsel. Given this exchange, and the court's prior comments about how respondent had been belligerent with its staff and other court personnel, the court did not err when it refused to appoint another attorney. The breakdown in the attorney-client relationship with counsel was not caused by a difference of opinion concerning fundamental trial tactics or counsel's disinterest in representing respondent. Instead, the trial court reasonably found that respondent was attempting to "purposely break down the attorney-client relationship by refusing to cooperate with his assigned attorney and then argue that there is good cause for a substitution of counsel." *Traylor*, 245 Mich App at 462-463. The trial court did not clearly err when it found that respondent had not demonstrated that he was entitled to substitute counsel. It properly informed him that he could either choose to hire replacement counsel or represent himself.

Respondent also suggests that he was denied due process because he was not represented by counsel at other hearings. However, he only alleges prejudice in relation to the absence of counsel at the adjudication trial. Apart from asserting, as an observation, that he was not represented by counsel at other hearings, he does not advance any clear claim that he is entitled to relief because of the lack of counsel at other hearings. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Thus, to the extent that respondent asserts that he was not represented by counsel at other hearings, because this portion of respondent's claim is not developed, we deem it abandoned. *Moses, Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006).

In any event, as discussed earlier, respondent's lack of counsel at other hearings was because of his own choice. Indeed, respondent was represented by appointed counsel at some of the proceedings after the adjudication, but he continued to be uncooperative with counsel and acted as if the proceedings did not exist. At respondent's request, the court later appointed counsel to represent respondent at the termination hearing, but even then, respondent refused to attend or participate in the hearing. The record supports the trial court's characterization of respondent's continued antics as an effort to create an issue for appeal. Respondent cannot harbor error as an appellate parachute by repeatedly refusing to attend hearings or cooperate with counsel. *In re Hudson*, 294 Mich App at 264.

Respondent also mentions in passing that he is entitled to relief because he was not personally present for the adjudication trial. Because respondent presents no argument in support of this issue, it may be deemed abandoned. *Moses, Inc*, 270 Mich App at 417. In any event, it is without merit.

In the criminal context, a defendant may waive both his statutory and constitutional right to be present during his trial. *People v Buie*, 298 Mich App 50, 57; 825 NW2d 361 (2012). Waiver is defined as "the intentional relinquishment or abandonment of a known right." *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999) (quotation marks and citation omitted). "It is not seriously questioned that a defendant has the power to waive constitutional rights, provided he does so intelligently, understandingly and voluntarily." *Buie*, 298 Mich App at 57, quoting *People v Brown*, 46 Mich App 592, 597, 208 NW2d 590 (1973), aff'd 393 Mich 174 (1973). Our Supreme Court has recognized that a defendant can waive his right to be present by voluntarily being absent, *People v Swan*, 394 Mich 451, 452; 231 NW2d 651 (1975), or by being "so disorderly or disruptive that his trial cannot be continued while he is present." *People v Mallory*, 421 Mich 229, 248; 365 NW2d 673 (1984). In *Mallory*, the Court also stated that a defendant could waive his presence at a "jury view," which was part of the trial, "by affirmative consent or by failing to appear at the view when he is at liberty to do so." *Id.*; see also *People v Palmerton*, 200 Mich App 302, 303; 503 NW2d 663 (1993) ("This Court has held . . . that a defendant may waive his right to be present during trial by failing to appear."). "A valid waiver of a defendant's presence at trial consists of a specific knowledge of the constitutional right and an intentional decision to abandon the protection of the constitutional right." *Buie*, 298 Mich App at 57, quoting *People v Woods*, 172 Mich App 476, 479; 432 NW2d 736 (1988). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted).

In the instant case, respondent was personally notified of the January 25, 2020 adjudication trial, and he was directed by the trial court to either attend, have counsel attend, or either personally or though counsel inform the court of a scheduling conflict or other reason why he could not attend. Respondent was also provided with written notice of the trial. Respondent did not attend the trial or otherwise notify the court that he could not attend. The trial court's observation that respondent had continuously attempted to manufacture issues for appeal is also supported by the record and supports the conclusion that respondent knowingly, intelligently, and voluntarily waived his right to be present during the adjudication hearing by failing to appear. Respondent's deliberate refusal to attend the termination hearing also supports the conclusion that his failure to attend the

adjudication trial, after having been personally notified of the date and time of the trial, was a knowing and voluntary decision not to appear, thereby waiving his right to be present at the trial.

In sum, under the circumstances, respondent has not demonstrated that he is entitled to relief because he was not appointed replacement counsel before the adjudication trial, and the record indicates that he waived his right to be present at the trial by failing to attend after receiving personal notice of the hearing and forgoing an opportunity to inform the court that he was unable to attend. *Mallory*, 421 Mich at 248; *Palmerton*, 200 Mich App at 303.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Kristina Robinson Garrett