IN THE MATTER OF BROWN

Docket No. 82257. Submitted December 10, 1985, at Grand Rapids.—
Decided March 3, 1986.

David Van Houten, a protective services worker, filed a complaint
on April 25, 1984, in the Wexford Probate Court, Juvenile
Division, on behalf of petitioner, Wexford County Department
of Social Services, wherein he alleged that two minor daughters
of the respondent, Patricia Brown, were being subjected to
sexual molestation and that the respondent failed to protect
said minors. On the basis of the complaint, the probate court,
Walter F. Ransom, J., authorized taking the children into
temporary custody and scheduled a preliminary hearing for
April 26, 1984. Respondent appeared at the hearing, having
been orally notified of the proceedings by Van Houten. At the
preliminary hearing, respondent was orally informed on the
record of her right to an attorney, her right to remain silent,
her right to a jury trial, and of the fact that the proceedings
could result in termination of her parental rights. At the
conclusion of the preliminary hearing, the probate court autho-
rized the filing of a petition to request that the court take
jurisdiction over the minors pursuant to MCL 712A.2(b)(1). The
petition was filed on April 29, 1984. The petition made refer-
ence only to allegations which pertained to the sexual abuse of
the minors. An amended petition was filed on June 28, 1984,
after an attorney had been appointed to represent respondent,
which incorporated the allegations in the original petition and
made further allegations of other forms of neglect by respon-
dent. Respondent was never personally served with a summons,
the petitions or notice of hearing and never executed a written
waiver of service of process or notice of hearing. Following an
adjudicative hearing, the minors were made temporary wards

REFERENCES

Am Jur 2d, Infants' §§ 16, 17, 22 *et seq.*, 55.

Am Jur 2d, Parent and Child §§ 5, 39, 42.

Validity of statute providing for termination of parental rights. 22
ALR4th 774.

Parent's involuntary confinement or failure to care for child as
result thereof, as evincing neglect, unfitness, or the like indepen-
dency or divesture proceeding. 79 ALR3d 417.

of the court and placed in foster care under petitioner's supervision. On November 20, 1984, following a dispositional hearing, the probate court issued an opinion and order determining the minors to be neglected children, terminating respondent's parental rights with respect to the children and making them permanent wards of the probate court. Respondent appeals therefrom. *Held:*

1. The probate court was without jurisdiction. The order terminating parental rights is void and is reversed.

2. Petitioner did not satisfy the jurisdictional requirement of personally serving respondent with notice of the petition and the time and place for hearing.

3. The requirement in JCR 1969, 7.2, dictating that a summons be issued to respondent even though she did not have custody of her daughters, was not jurisdictional in nature. Nonetheless, MCL 712A.12 requires that a parent not having custody of a child be personally served with notice of the petition and the time and place for hearing. The fact that respondent had actual notice does not cure this jurisdictional error.

4. The evidence of neglect by respondent was overwhelming. The evidence of future neglect in this case was clear and convincing, apart from evidence pertaining to mental deficiency. Even if the probate court's reliance on mental deficiency grounds was erroneous, the probate court reached the right result.

5. Under the facts of this case, it is not wise to order that the minors be returned to respondent's custody forthwith. The case is remanded to the probate court with directions and the minors shall remain committed to the custody and control of the petitioner during the interim period described in the Court of Appeals opinion.

Reversed and remanded. Jurisdiction is not retained.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — NO-
TICE.

Statutes requiring the service of notice to parents in cases involving the termination of parental rights generally must be strictly construed.

2. INFANTS — PROBATE COURTS — JURISDICTION.

A probate court has limited discretion upon the filing of a petition to acquire jurisdiction over a child; the probate court may dismiss the petition or elect to continue the proceedings; if

it opts for the latter choice, it must issue a summons and no discretion is involved (MCL 712A.12; MSA 27.3178[598.12]).

3. COURTS — PROBATE COURTS — JURISDICTION.

A probate court's jurisdiction over children is derived solely from the state constitution and statutes and the courts, by rule or otherwise, may not enlarge or diminish such jurisdiction (Const 1963, art 6, § 15).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — NOTICE.

A statute requires that a parent not having custody of a child be personally served with notice of a petition to acquire jurisdiction over the child and of the time and place for a hearing thereon; the statute provides the jurisdictional requirement that the parent be personally served or that personal service be waived (MCL 712A.12; MSA 27.3178[598.12]).

5. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — NOTICE — JUVENILE COURT RULES.

The requirement contained in JCR 1969, 7.2 which dictates that in a parental rights termination action a summons shall be issued to the parents of the child even though they do not have custody of the child is not jurisdictional in nature (JCR 1969, 7.2).

6. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — NEGLECT — APPEAL — CLEAR ERROR.

The entry of an order which results in the placing of a child in the permanent custody of the probate court due to neglect of the child must be based on testimony which establishes neglect for the long-run future or indicates that neglect is seriously threatened for the long-run future; although a finding of neglect must be based on some blameworthy act or omission, a negligent failure to fulfill parental duties may support a finding of neglect; the Court of Appeals reviews the probate court's finding as to neglect under a clearly erroneous standard (MCL 712A.19a[e]; MSA 27.3178[598.19a][e]).

*David A. Hogg,* Prosecuting Attorney, and *William J. Donnelly, Jr.,* Assistant Prosecuting Attorney, for petitioner.

*Charles Parsons,* for respondent.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

ALLEN, P.J. Respondent appeals as of right from a November 20, 1984, opinion and order terminating her parental rights with respect to her two daughters, Carrie J. Brown, born on May 25, 1975, and Sandra Dee Brown, born on June 10, 1978. The children's father is deceased. Of the five issues raised by respondent, we find that resolution of the first issue requires that the order terminating parental rights be reversed and that the matter be remanded to the probate court with special instructions. The probate court was without jurisdiction and, therefore, the order terminating parental rights is void.

On April 14, 1984, respondent brought Sandra Brown to the emergency room of Mercy Hospital in Cadillac because Sandra was bleeding in the vaginal area. Sandra was found to be suffering from multiple condyloma acuminata, or multiple venereal warts. Respondent indicated that the child had possibly had sexual contact with an older male neighbor. A police report dated April 14, 1984, states that fifty-five-year-old Clarence Parcher admitted to the sexual molestation of Sandra on April 12, 1984. In addition, Parcher stated that he had been "fondling" Sandra for six months and that he had fondled her sister, Carrie Brown.

On April 15, 1984, David Van Houten, a protective services worker, interviewed both Carrie and Sandra at Mercy Hospital. Thereafter, on April 19, 1984, he met with respondent at her residence and asked that respondent not allow unrelated, strange men to frequent her home or allow the girls to go

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

with any people who were not related and trusted. Respondent replied that she could not control who came and stayed at her home, and directed Van Houten to speak to her nineteen-year-old son, David Fick. During this conversation, Van Houten observed that several young males and one female were in respondent's living room, that the house had a peculiar odor, and that neither the children nor their clothes were particularly clean. Van Houten requested that Fick come by his office the following day but Fick failed to appear. On a subsequent occasion, respondent told Van Houten that she could not control restricting her daughters' outing with Parcher, alleging that her daughters would throw temper tantrums if the outings were not permitted.

Van Houten filed a complaint on April 25, 1984, which alleged that, prior to the April 12, 1984, assault on Sandra, Carrie had informed her mother that Parcher had molested both her and her sister. Carrie verified this allegation at the adjudicative hearing and respondent acknowledged that Carrie had informed her that she had been molested. Respondent claimed that she did not know that Parcher was molesting Sandra, but admitted that she knew that he had molested one of Carrie's friends. The complaint further alleged that, regardless of this knowledge, respondent failed to protect her daughters in that she permitted Sandra to accompany Parcher to his home. On the basis of this complaint, the probate court authorized taking the children into temporary custody and scheduled a preliminary hearing for April 26, 1984.

Respondent appeared at the hearing, having been orally notified of the proceedings by Van Houten. At its conclusion, the court authorized the filing of a petition to request that the court take

jurisdiction over the girls pursuant to MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1). At the preliminary hearing, respondent was orally informed on the record of her right to an attorney, her right to remain silent, her right to a jury trial, and of the fact that the proceedings could result in termination of her parental rights.

A petition requesting that the probate court assume jurisdiction over the children was filed on April 29, 1984. This petition made reference only to allegations which pertained to Parcher's sexual abuse of the children and respondent's role in allowing this to happen. An amended petition was filed on June 28, 1984, after an attorney had been appointed to represent respondent, which incorporated the allegations in the original petition and made further allegations of other forms of neglect by respondent. However, respondent was never personally served with a summons, the petitions or a notice of hearing.

Respondent claims that the failure to serve her with a summons or notice of hearing is a jurisdictional defect which renders all proceedings in the probate court void. This argument is based in part on MCL 712A.12; MSA 27.3178(598.12), which provides:

"After a petition shall have been filed and after such further investigation as the court may direct, in the course of which the court may order the child to be examined by a physician, dentist, psychologist or psychiatrist, *the court may dismiss said petition or may issue a summons reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child, or with whom the child may be, to appear personally and bring the child before the court at a time and place stated:* Provided, That the court in its discretion may excuse but not restrict children from attending the hearing. *If the*

*person so summoned shall be other than the parent or guardian of the child, then the parents or guardian, or both, shall also be notified of the petition and of the time and place appointed for the hearing thereon, by personal service before the hearing, except as hereinafter provided.* Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the judge, is necessary.

"*Any interested party who shall voluntarily appear in said proceedings, may, by writing, waive service of process or notice of hearing.*" (Emphasis added.)

Respondent never executed a written waiver of service of process or notice of hearing.

In *In re Paulson,* 212 Mich 502; 180 NW 386 (1920), the Supreme Court interpreted a provision which is a predecessor to MCL 712A.12, 1 Comp Laws 1915, § 2015, and which imposed similar notice and summons requirements for juvenile proceedings. The Court held that the statutory notice and summons requirements were jurisdictional. Further, it held that the failure to issue and serve a summons on the institution having custody of the child, in that case, a delinquent child, and the failure to serve notice of the hearing on the parents were "fatal to the jurisdiction of the [probate] court". 212 Mich 507. This holding has never been overruled, but has been reiterated in subsequent decisions of the Supreme Court. *In re Petrovich,* 222 Mich 79, 81; 192 NW 657 (1923);[1]

[1] In *Petrovich, supra,* the mother petitioned for a writ of habeas corpus in circuit court when the respondent Society of St. Vincent De Paul refused to surrender her daughter. The child had been adjudged a dependent and neglected child in probate court and subsequently had been adopted. Petitioner was never served with a summons in connection with the probate court proceedings and, therefore, the decision of the circuit court, holding that the probate court proceedings were void, was upheld. However, the Court quoted *Paulson, supra,* which indicated that the mother only had to be served with notice since the child was not in her custody. Apparently, the mother had not been served with notice by summons or otherwise. We find that *Petrovich* creates an ambiguity with respect to whether the

*Oversmith v Lake,* 295 Mich 627, 631; 295 NW 339 (1940). See, also, *In the Matter of Slis,* 144 Mich App 678, 683-684; 375 NW2d 788 (1985) (finding jurisdictional requirements were satisfied where the respondent appeared and signed waiver of service form). Moreover, it has been held that, generally, statutes requiring service of notice to parents must be strictly construed. *In the Matter of Kozak,* 92 Mich App 579, 582; 285 NW2d 378 (1979).

Petitioner advances two arguments with respect to the jurisdictional necessity of issuing a summons to respondent, one of which we find meritorious. Nonetheless, we find that petitioner did not satisfy the jurisdictional requirement of personally serving respondent with notice of the petition and the time and place for hearing. Because of this jurisdictional defect, we find that *Paulson, supra,* and its progeny necessitate reversal of the probate court's orders taking jurisdiction over the children and terminating respondent's parental rights.

Petitioner first argues that issuance of a summons to respondent was discretionary with the probate judge under MCL 712A.12. This contention is based on the fact that the Legislature used the word "may" in the statute, whereas in § 2015, interpreted by the Supreme Court in *Paulson, supra,* the Legislature provided in pertinent part:

"If, after a full investigation, it shall appear to the court that public interest and the interest of the child

statute requires that a summons be issued to a parent when the parent is without custody, or whether service of notice will suffice. Since the issue was not squarely addressed in *Petrovich, Petrovich* relies on *Paulson* which indicates that service of notice is sufficient, and the statute clearly requires only service of notice to a parent not having custody, we will not look to *Petrovich* as authority for the proposition that the notice required by statute must be furnished in the form of a summons.

will be best subserved thereby, a summons *shall* issue
* * *." (Emphasis added.)

In contrast, MCL 712A.12 provides:

"After a petition shall have been filed and after such
further investigation as the court may direct, * * * the
court may dismiss said petition or *may* issue a sum-
mons * * *." (Emphasis added.)

When the word "may" is reviewed in context, it is
clear that the probate court has limited discretion
in the form of two choices. The court may dismiss
the petition or elect to continue the proceedings. If
it opts for the latter choice, it *must* issue a sum-
mons and no discretion is involved.

Petitioner next argues that the issuance of a
summons to respondent was not a jurisdictional
requirement in this particular case since, at the
time the petition was filed, respondent no longer
had physical custody of the children. The children
had been removed from her custody on the day
before the preliminary hearing by court order.
Following the hearing, the children were contin-
ued in licensed foster care. Since MCL 712A.12
requires only that a summons be issued to "the
person or persons who have the custody or control
of the child, or with whom the child may be",
petitioner maintains that respondent was not enti-
tled to a summons.

In addition to MCL 712A.12, respondent relies
on JCR 1969, 7.2, now MCR 5.907(B), which ex-
pressly requires that a summons be issued to a
parent:

"Formal Calendar. In a proceeding on the formal
calendar, [as opposed to the consent calendar] on filing
of a petition, the court shall:
"(A) Issuance of Summons and Order for Hearing;

Waiver. *Upon filing of a petition the court shall order a hearing by the issuance of a summons. A written acceptance of service may be filed in lieu of the summons acknowledging notice of the essential elements of the summons set forth in Rule 7(B),* post.

"(B) Contents. *The summons* must require the person to whom it is directed to appear for hearing at the time and place specified by the court in it, and *must contain:*

   (1) *Notice of Right to Counsel.* The following statement shall appear in or be attached to the summons:

      (a) You have the right to be represented by an attorney,

      (b) If you desire to employ an attorney you should do so immediately in order that he may be ready at the hearing date,

      (c) If you are financially unable to employ an attorney and you desire the services of an attorney, you must notify the court immediately upon receipt of this summons. If you desire a court-appointed attorney, the court must determine prior to the hearing whether you are financially unable to employ an attorney, or to reimburse the county in whole or in part for the cost of such services.

   (2) *Notice of Right to Jury.* Notice that the matter may be heard before the court with or without a jury, that a request for a jury must be filed in writing with the court, and what the time limits for demanding a jury trial are, must be included in or attached to the summons.

     A parent, guardian, guardian ad litem, custodian, child, or counsel for any of them may demand a jury for an adjudicative hearing by filing a written request with the juvenile court

      (a) at least 10 days before the date set for hearing, if summoned or notified 20 days or more before the hearing date;

(b) at least 5 days before the date set for hearing, if summoned or notified 10 days or more but less than 20 days before the hearing date;

(c) at least 1 day before the date set for hearing, if summoned or notified 5 days or more but less than 10 days before the hearing date; or

(d) on or before the hearing date, if summoned or notified less than 5 days before the hearing date.

(3) *Notice of Charges.* Notice of the charges appearing in the petition shall be given by reciting their contents in the summons or by attaching a copy of the petition to the summons.

(4) Termination of Parental Rights. In cases *where a hearing could result in the termination of parental rights, such possibility shall be stated.* If after service of summons it shall appear to the court at any stage of the proceedings that termination of parental rights not previously considered, has become a possibility, the court shall adjourn and order further appropriate amendment and notice.

"(C) Persons to Whom Directed. *The summons shall be directed to the following persons:*

(1) Offense by Child.

(a) The child

(b) *The parents,* guardian and custodian of the child, except a person in charge of a court-appointed facility

(c) The guardian ad litem of the child where one has been appointed under these rules.

(2) *Offense Against Child. Summons shall be served as in proceedings where an offense by a child is charged;* provided, a parent, guardian, custodian, guardian ad litem or counsel may be served in lieu of service on

the child in the discretion of the court."
(Emphasis added.)

Respondent assumes, without arguing, that the requirements of the Juvenile Court Rules are jurisdictional, the same as statutory requirements. However, a probate court's jurisdiction over children is derived solely from the state constitution and statutes. *Krajewski v Krajewski,* 125 Mich App 407, 410; 335 NW2d 923 (1983), *rev'd on other grounds* 420 Mich 729; 362 NW2d 230 (1984); *Fritts v Krugh,* 354 Mich 97, 112; 92 NW2d 604 (1958). The Michigan Constitution provides in pertinent part:

"The jurisdiction, powers and duties of the probate court and of the judges thereof shall be provided by law." Const 1963, art 6, § 15.

Based on this constitutional provision, the Supreme Court has stated:

"The constitution provides for statutory definition of the jurisdiction of probate courts and *our power to make rules of practice and procedure cannot be used to expand that jurisdiction without legislative consent."* In re Kasuba Estate, 401 Mich 560, 566; 258 NW2d 731 (1977). (Emphasis added.)

Extrapolating from this holding, we find that if the Supreme Court has no power to expand a probate court's jurisdiction, neither would it have the power to diminish such jurisdiction by imposing additional jurisdictional requirements through the court rules. The jurisdiction of the probate court must be determined solely by reference to statutes. *Cf., People v Coles,* 417 Mich 523, 533; 339 NW2d 440 (1983). ("The jurisdiction of a court

to entertain an appeal in a certain matter is * * * established by the constitution or by statute, and this Court may not, by rule or otherwise, enlarge or diminish such jurisdiction.") Accordingly, we hold that the requirement in JCR 1969, 7.2, dictating that a summons be issued to respondent even though she did not have custody[2] of her daughters, was not jurisdictional in nature.

Nonetheless, MCL 712A.12 requires that a parent not having custody of a child be personally served with notice of the petition and the time and place for hearing. Although personal service was not made on respondent and she did not waive service, petitioner maintains that respondent received sufficient notice since (1) her attorney received a copy of the amended petition, (2) she appeared at the hearing, indicating that she had actual notice of the time and place, and (3) she was apprised of the allegations in the petition or at least had the opportunity to become so apprised since the probate judge offered to read the allegations for the record at the outset of the adjudicative hearing. Moreover, respondent was apprised on the record, in summary fashion, of the rights detailed in the summons required by the court rules.

In *Paulson, supra,* the Court held that the delinquent child's actual presence at the dispositional hearing did not ameliorate the effect of a summons never having been issued and served. Therefore, the fact that respondent had actual notice does not cure this jurisdictional error. Moreover, *Paulson* indicated that the purpose of a summons was not

---

[2] This holding should not be interpreted as de-emphasizing the necessity for compliance with MCR 5.907(B), formerly JCR 1969, 7.2. We hold only that a failure to comply with the court rule poses no problems with a probate court's jurisdiction without considering whether the failure to issue a summons to a parent might require reversal on alternative grounds.

only to give notice of the hearing, but to apprise interested parties of the charges and afford them a reasonable time in which to prepare a defense. Thus, the fact that the probate judge offered to read the charges to respondent on the day of the hearing cannot be viewed as an adequate substitute for personal service of notice of the petition. Finally, since statutes requiring notice to parents must be strictly construed, *Kozak, supra,* receipt of the amended petition by respondent's attorney cannot be deemed a proper substitute for personal service on the respondent. Since the statute required that she be personally served or that personal service be waived, and this jurisdictional requirement was not complied with, we must hold that jurisdiction was never established and that the orders emanating from these proceedings were void.

Although not essential to the disposition of this case, we will address two of the remaining issues raised by respondent, as they may have some bearing on proceedings which shall be conducted on remand.[3] Respondent alleges (1) that the order terminating her parental rights was not supported by clear and convincing evidence, and (2) that it was error to base the order terminating her parental rights in part on mental deficiency grounds when such grounds were not set forth in the petition.

The petition requesting that her parental rights be terminated set forth as grounds MCL 712A.19a(e); MSA 27.3178(598.19a)(e), which provides:

"Where a child remains in foster care in the tempo-

---

[3] We find that it is not necessary to consider (1) whether respondent was denied the effective assistance of counsel, and (2) whether she was denied due process of law because of deficiencies in notice.

rary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

\* \* \*

"(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect."

The entry of an order placing a child in the probate court's permanent custody due to neglect must be based on testimony which establishes neglect for the long-run future or indicates that neglect is seriously threatened for the long-run future. *Fritts, supra,* p 114; *In the Matter of McDuel,* 142 Mich App 479, 485; 369 NW2d 912 (1985). Although a finding of neglect must be based on some blameworthy act or omission, a negligent failure to fulfill parental duties may support a finding of neglect. *McDuel, supra,* p 486. We review a probate court's finding as to neglect under a clearly erroneous standard. *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985).

In its opinion, the probate court cited MCL 712A.19a(c); MSA 27.3178(598.19a)(c), as well as subsection (e), as the basis for terminating respondent's parental rights. Respondent maintains that this was error since the petition did not allege that respondent was unable to provide proper care and custody due to mental deficiency or mental illness, the grounds set forth by subsection (c). Further, she maintains that the evidence of neglect, when reviewed apart from evidence pertaining to mental deficiency, was insufficient to clearly and convincingly establish that termination of parental rights was warranted. See, *In the Matter of LaFlure,* 48 Mich App 377, 386; 210 NW2d 482, *lv den* 390 Mich 814 (1973).

We believe that the evidence of neglect by respondent was overwhelming. Standing by itself, the fact that respondent allowed Parcher to take Sandra to his home after knowing of his inclination to sexually molest children constituted clear and convincing evidence of neglect. Further, the fact that respondent indicated that she had no control over this situation because her daughters would throw temper tantrums, and no control over strange men inhabiting her home, indicates that this particular form of neglect might be seriously threatened for the long-run future. However, the probate court did not base its finding that neglect would be threatened in the future on these facts. Rather, it found that respondent would be unable to provide proper care and custody in the future due to mental deficiency and character disorders.

Since it is not crucial to the disposition of this case, we will not determine whether evidence as to a parent's mental deficiencies may properly be considered in determining whether neglect is seriously threatened for the long-run future, where mental deficiency is not asserted as a ground for termination of parental rights. However, a parent should have notice of all grounds upon which an order might be based in order to properly prepare a defense. Thus, where mental deficiency is likely to be relied upon by the probate court, we believe that the better practice would be to assert it as grounds for termination in the petition. Nonetheless, we believe that the evidence of future neglect in this case was clear and convincing, apart from evidence pertaining to mental deficiency. Accordingly, we would not reverse because the probate court relied in part on mental deficiency grounds since, even if such reliance was erroneous, we believe that the probate court reached the right

result. See, *In the Matter of Bailey,* 125 Mich App 522, 529; 336 NW2d 499 (1983).

Given the circumstances which resulted in the erroneous assumption of jurisdiction by the probate court, we do not believe that it would be wise to order that Carrie and Sandra be returned to the custody of respondent forthwith. Accordingly, we remand this case to the probate court with directions to schedule a preliminary hearing pursuant to MCL 712A.11; MSA 27.3178(598.11) within 14 days of the date that this opinion is released. During the interim period, the children shall remain committed to the custody and control of petitioner. If at the conclusion of the preliminary hearing the probate judge determines that a petition should issue, an adjudicative hearing shall be scheduled. Respondent shall be served with notice of the petition and the time and place for hearing pursuant to MCL 712A.12, and shall be served with a summons as directed by MCR 5.907(B). If petitioner intends to rely on respondent's mental deficiencies as a basis for either the assumption of jurisdiction or the termination of parental rights, it should set forth such allegations in the petition.

Reversed and remanded in accordance with this opinion. We retain no further jurisdiction.