# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. J. C. W. OHLINGER, Minor.

UNPUBLISHED
April 19, 2018

No. 339805
Lenawee Circuit Court
Family Division
LC No. 17-000836-NA

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

The circuit court terminated respondent-father's parental rights to his son pursuant to MCL 712A.19b(3)(n)(*i*), based on his plea-based conviction for criminal sexual assault of another child. Respondent contends that he was not personally served with the petition seeking termination of his parental rights and that the petitioner failed to present clear and convincing evidence to support a statutory ground for termination. Both of these challenges are without merit and we affirm.

## I. SERVICE

Respondent has been in prison during the entirety of these child protective proceedings. The Department of Health and Human Services (DHHS) initiated this case to remove respondent's son, BO, from the care of respondent's parents based on extreme neglect. At a hearing on May 23, 2017, the DHHS amended the petition to seek termination of respondent's parental rights. Respondent and his attorney were both present when the amendment was made in open court. The court expressly inquired whether respondent had "[a]ny objection to that amendment" and counsel replied, "No objection, your Honor." That day, respondent signed a waiver of rights form indicating that he had received the summons and petition and "waive[d] any irregularities in the service thereof." The court went over this form with respondent on the record and respondent indicated that he understood his rights. Respondent's counsel later stated that because "we are modifying the prayer from reunification to termination of parental rights[,] we are not going to make any admissions today." The court then adjourned the matter until the next hearing.

Respondent now contends that the DHHS and the court violated MCR 5.907(B) (which is no longer the relevant court rule) and MCL 712A.19b(1) (which is apropos of nothing) because he was not personally served with a summons giving "specific notice that the hearing could result in termination of parental rights."

-1-

In child protective proceedings, service of a summons and petition places a parent on notice of the DHHS's intent to remove a child from the home or terminate a parent's right to a child's care and custody. The Legislature requires personal service of a summons upon a parent before the court may proceed. MCL 712A. 12; MCL 712A.13. In *In re Brown*, 149 Mich App 529, 541-542; 386 NW2d 577 (1986), this Court emphasized that personal service not only provides a parent notice, but also apprises the parent of the charges levied against him and affords a reasonable time to prepare a defense. In the absence of personal service or a waiver of personal service, jurisdiction is not established and the court's orders are void. *Id*. at 542.

The court rules reinforce the necessity of personal service. MCR 3.920 demands that a summons be served upon a respondent in a child protective proceeding and that written notice of termination hearings be given to the child's parents. MCR 3.920(B)(2)(b), (c); MCR 3.921(B)(3). MCR 3.920(B)(4)(a) and (b) require personal service, unless the DHHS proves that it "is impracticable or cannot be achieved." These rules serve "to ensure due process to a parent facing . . . termination of his parental rights." *In re Rood*, 483 Mich 73, 93; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.).

The burden is on petitioner to establish that proper service has been accomplished. *In re Adair*, 191 Mich App 710, 713, 715; 478 NW2d 667 (1991). Although the court rules do not explicitly delineate the manner for establishing proof of service in a juvenile proceeding, MCR 2.104(A) of the general court rules provides that proof of service may be made by:

> (1) written acknowledgment of the receipt of a summons and a copy of the complaint, dated and signed by the person to whom the service is directed or by a person authorized under these rules to receive the service of process;

> (2) a certificate stating the facts of service, including the manner, time, date, and place of service, if service is made within the State of Michigan by

>> (a) a sheriff,

>> (b) a deputy sheriff or bailiff, if that officer holds office in the county in which the court issuing the process is held,

>> (c) an appointed court officer,

>> (d) an attorney for a party; or

> (3) an affidavit stating the facts of service, including the manner, time, date, and place of service, and indicating the process server's official capacity, if any.

And it well established that a party to a court suit may waive irregularities in service and submit to the jurisdiction of the court if he has "[k]nowledge of the pending proceedings and an intention to appear." *Rhodes v Rhodes*, 3 Mich App 396, 401; 142 NW2d 508 (1966). Indeed, MCL 712A.12 provides, "Any interested party who shall voluntarily appear in said proceedings, may, by writing, waive service of process or notice of hearing."

There is no question that the DHHS did not personally serve a termination petition on respondent before the May 23 hearing; it did not request the amendment to seek termination until that hearing. Respondent and his counsel acknowledged this amendment at the hearing, chose not to object, and indicated that they understood the DHHS was now seeking termination. Respondent signed a form waiving any irregularity in service. He now has no grounds for complaint.

## II. STATUTORY GROUNDS

Respondent also challenges the evidentiary support for the statutory grounds for termination. In doing so, respondent relies on the court's oral findings at the termination hearing, at which the court failed to specifically identify the statutory factor upon which it relied. In its written judgment, however, the court indicated that it terminated respondent's parental rights pursuant to MCL 712A.19b(3)(n)(*i*), which provides for termination when a parent has been convicted of various offenses, including third-degree criminal sexual conduct, and "continuing the parent-child relationship with the parent would be harmful to the child."

Pursuant to MCL 712A.19b(3), a circuit court "may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence" that at least one statutory ground has been proven by the DHHS. MCR 3.977(A)(3); *In re Trejo*, 462 Mich 341, 350; 612 NW2d 407 (2000). We review a circuit court's factual finding that a statutory termination ground has been established for clear error. *In re Rood*, 483 Mich 73, 90-91; 763 NW2d 587 (2009). A factual finding "is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (quotation marks and citation omitted). "Clear error signifies a decision that strikes us as more than just maybe or probably wrong." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009).

Respondent admitted at the termination hearing that he had pleaded guilty to a felony enumerated in factor (n)(*i*) by sexually abusing a minor. Moreover, the court considered the evidence and found that continuing the parent-child relationship would be harmful to BO. A caseworker testified that respondent admitted to her that he sexually abused not only the child underlying his criminal conviction, but also BO's older sisters, the daughters of BO's mother from a prior relationship. Respondent admitted that the sexual offender treatment he received in prison was insufficient to prevent his recidivism. Respondent has been imprisoned since before BO's birth as a result of these crimes. Accordingly, BO has no relationship or bond whatsoever with his father. The circuit court did not clearly err in determining that BO would face likely harm if placed in his father's care at any time after his release from prison.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Thomas C. Cameron