*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* V. L. TURNER, Minor.

UNPUBLISHED
December 18, 2025
1:38 PM

No. 374024
Wayne Circuit Court
Family Division
LC No. 2024-001891-NA

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court order authorizing the petition to take jurisdiction over the minor child, VLT, and removing the child from respondent-mother's care following the preliminary hearing.[1] Because the petition did not specifically notify respondent-mother that the child was not going to be placed with her, and the proceedings did not comply with MCR 3.961(B)(6), we vacate the order and remand for further proceedings.

Respondent-mother argues that the trial court erred in proceeding with a preliminary hearing when she was not provided adequate notice of the hearing. Specifically, she alleges that she should have been served with a summons before the preliminary hearing, and that the failure to do so was a violation of her due-process rights. We disagree because respondent-mother was provided notice of the hearing in a text message that she received, which satisfies the requirements of MCR 3.920(D)(2)(b) and MCR 3.965(B)(1).

---

[1] The petition also requested that the court terminate the rights of father at the initial disposition under MCL 712A.19b(3)(b)(*i*) (parent sexually abused the child's sibling); MCL 712A.19b(3)(g) (parent fails to provide proper care or custody for the child while financially able to do so); MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent); and MCL 712A.19b(3)(k)(*ii*) (criminal sexual conduct involving penetration committed by parent against the child's sibling). Father has not appealed.

In order to preserve an issue for appeal, the issue must be raised with the trial court at a time when the trial court has the opportunity to correct the error. *In re Jestila*, 345 Mich App 353, 355 n 3; 5 NW3d 362 (2023). "The purpose of the appellate preservation requirements is to induce litigants to do what they can in the trial court to prevent error and eliminate its prejudice, or to create a record of the error and its prejudice." *Id.* (quotation marks and citation omitted). Because respondent-mother raised her due-process complaint shortly after the preliminary hearing took place in her absence, and the issue was actually considered and addressed by the trial court at the pretrial hearing on November 19, 2024, we will treat the issue as preserved. *Id.*

"Generally, whether child protective proceedings complied with a respondent's substantive and procedural due process rights is a question of law that this Court reviews de novo." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). We likewise review the interpretation of statutes and court rules de novo. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

A court must ensure that respondents are notified of each hearing. MCR 3.921(B)(1)(a). A summons which identifies the nature of the hearing, discloses the respondent's right to an attorney, explains that the hearings could result in a termination of parental rights, and attaches the petition, must be personally served on respondents (and nonrespondent parents): "(i) 14 days before hearing on a petition that seeks to terminate parental rights or a permanency planning hearing, (ii) 7 days before trial or a child protective dispositional review hearing, or (iii) 3 days before any other hearing." MCR 3.920(B)(5)(a). The court rules contain certain obligations a court must follow regarding notice to a parent before a preliminary hearing:

> The court must determine if the parent, guardian, or legal custodian has been notified, and if the lawyer-guardian ad litem for the child is present. The preliminary hearing may be adjourned for the purpose of securing the appearance of an attorney, parent, guardian, or legal custodian *or may be conducted in the absence of the parent, guardian, or legal custodian if notice has been given or if the court finds that a reasonable attempt to give notice was made*. [MCR 3.965(B)(1) (emphasis added).]

Additionally, MCR 3.920(D)(2)(b) provides that "[w]hen a child is placed outside the home, notice of the preliminary hearing or an emergency removal hearing under MCR 3.974(C)(3) must be given to the parent of the child as soon as the hearing is scheduled." Such notice "may be in person, in writing, on the record, or by telephone." MCR 3.920(D)(2)(b). If the court finds that personal service of the summons is impracticable or not possible, the court may order that the summons be served in "any manner reasonably calculated to give notice of the proceedings and an opportunity to be heard, including publication." MCR 3.920(B)(4)(b).

At issue is the alleged lack of notice provided to respondent-mother before the preliminary hearing. It is not disputed that respondent-mother was not provided with written notice of the preliminary hearing or a summons before the preliminary hearing. Rather, the CPS specialist testified that she notified respondent-mother of the hearing by text message approximately six days before the hearing. She also noted that respondent-mother did reply to that text message, which the referee viewed as significant. The referee ultimately found that the efforts to notify respondent-mother of the hearing were reasonable, a finding which the trial court later adopted. Consequently,

the referee proceeded with the preliminary hearing in respondent-mother's absence under MCR 3.965(B)(1).

Respondent-mother now argues that her due-process rights were violated because she was not served with a summons before the preliminary hearing. However, the relevant court rule simply requires the court to determine at the preliminary hearing whether the parent has been notified. MCR 3.965(B)(1). If the parent is absent, the court *may* adjourn the hearing to secure the presence of the parent, or the court may elect to conduct the preliminary hearing in the absence of the parent "if notice has been given or if the court finds that a reasonable attempt to give notice was made." MCR 3.965(B)(1). Additionally, the court rules permit notice of the preliminary hearing to be given by telephone. MCR 3.920(D)(2)(b). The trial court did not clearly err in finding that respondent-mother received notice by phone.

The cases cited by respondent-mother do not stand for the proposition that her due-process rights were violated because she was not served with a summons before the preliminary hearing. In *In re Brown*, 149 Mich App 529, 535; 386 NW2d 577 (1986), this Court held that the issuance of a summons is mandatory once the court decides not to dismiss the petition for termination of parental rights. Consequently, because the preliminary hearing is the occasion in which the trial court determines whether the petition should be dismissed, the case does not stand for the proposition that a summons must be provided *before* the preliminary hearing.

Respondent-mother also cites *In re Andeson*, 155 Mich App 615; 400 NW2d 330 (1986). However, as respondent-mother acknowledges, *Andeson* discussed the required notice before an adjudicative hearing where the court took evidence regarding the respondent's alleged neglect and ultimately made the decision to terminate the respondent's rights based on the evidence that was presented at that hearing. *Id*. at 620-621. This is not the situation here as the allegedly deficient notice took place before the preliminary hearing.

The purpose of a preliminary hearing is for the court to determine whether to authorize the filing of the petition. MCR 3.965(B)(12). The trial court may authorize the petition "upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). At the instant preliminary hearing, the referee heard testimony regarding the physical and sexual abuse allegedly perpetrated by father, and that respondent-mother had not visited or provided financial support to VLT in over a year and that she had abandoned VLT. The referee ultimately concluded that authorization of the petition was warranted due to both father's waiver of the probable cause determination and the testimony that supported a finding of probable cause. Under the court rules, the referee was permitted to conduct this probable cause inquiry without respondent-mother present as long as the attempts to notify respondent-mother of the hearing were "reasonable." MCR 3.965(B)(1).

Respondent-mother argues in somewhat of a cursory fashion that the trial court's order must be vacated because the petition stated that placement would be with her, and yet petitioner, the Department of Health and Human Services, changed its position at the hearing without prior notice. To initiate child protective proceedings, in most cases, "a request for court action to protect a child must be in the form of a petition." MCR 3.961(A). The "petition" is a complaint alleging "that a parent, guardian, nonparent adult, or legal custodian has harmed or failed to properly care

for a child . . . ." MCR 3.903(A)(20). The petition must contain the essential facts that constitute an offense against the child and the basis for the court's jurisdiction over the child. MCR 3.961(B)(3) and (4). Importantly, MCR 3.961(B)(6) governs the type of relief requested, providing: "A request for removal of the child or a parent or for termination of parental rights at the initial disposition must be specifically stated."

The petition included allegations against respondent-mother, including that she did not provide support for the child since September 2023 after her parenting time was suspended. However, in the petition, petitioner twice stated it "has no objection to this court placing the child with mother." At the hearing, petitioner then sought removal of the child from the home and requested that the child be made a "temporary court ward and order the mother to follow a treatment plan." As stated, the referee heard testimony that respondent-mother had not visited or provided financial support to VLT in over a year and that she abandoned the child. At the preliminary hearing, the CPS specialist requested placement of the child be with a paternal aunt. The referee recognized that this was inconsistent with the petition. In its order after the preliminary hearing authorizing the petition, the trial court determined it was contrary to the welfare of the child to remain in the home in part because respondent-mother "has not visited nor supported [the child] since September 2023 and she has not presented herself for placement." The child was ordered to be placed in his paternal aunt's care.

Because the petition stated twice that petitioner did not object to placing the child with respondent-mother, it is reasonable to conclude that respondent-mother could have based her decision not to attend the preliminary hearing in part on these statements in the petition. At best, the petition was confusing regarding whether petitioner sought removal of the child from respondent-mother. Although respondent-mother received notice of the hearing, she was not notified that the requested relief changed. Because respondent-mother was not adequately notified regarding the specific relief requested in the petition, she did not receive all the process she was due before the preliminary hearing according to MCR 3.961(B)(6). The court rules governing service of process and notice " 'are intended to satisfy the due process requirement that a [party] be informed of an action by the best means available under the circumstances.' " *Bullington v Corbell*, 293 Mich App 549, 556; 809 NW2d 657 (2011), quoting MCR 2.105(K).

The trial court did not err when it held that efforts to notify respondent-mother of the preliminary hearing by text message that was received approximately six days in advance of the hearing were reasonable under MCR 3.965. However, because the proceedings did not comply with MCR 3.961(B)(6), we vacate the order after the preliminary hearing and remand for proper notice to be provided to respondent-mother.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

-4-