*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* W. P. D. RICHARDS-WELCH, Minor.

UNPUBLISHED
April 30, 2026
10:47 AM

No. 375634
Muskegon Circuit Court
Family Division
LC No. 2022-005417-NA

Before: RIORDAN, P.J., and REDFORD and PATEL, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to the minor child, WRW, under MCL 712A.19b(3)(i) (failure to rectify conditions leading to termination of parental rights to siblings).[1] Because respondent was not served in accordance with the requirements of MCL 712A.12, we vacate the trial court's order of adjudication and order terminating respondent's parental rights and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

In November 2024, respondent's parental rights to two children, ARS and ARW, were involuntarily terminated because respondent failed to rectify barriers of substance use, housing, employment, parenting skills, and domestic violence. Less than three weeks later, respondent gave birth to WRW. Children's Protective Services (CPS) received notice from a hospital social worker that WRW tested positive for amphetamines the day after she was born. On that same day, the Department of Health and Human Services (DHHS) petitioned for removal WRW from respondent's care. The petition alleged that respondent had not rectified the issues that led to the termination of her parental rights to ARS and ARW. The petition further alleged that respondent had not reported any income or identified housing or an ability to meet the immediate needs of WRW. The petition also alleged that respondent also had two more children, MRW and ARS,

---

[1] The petition did not name the father as a respondent, and the father is not a party to this appeal.

-1-

who were under full care and custody of their respective fathers. An ex parte order was issued that WRW be taken into protective custody and placed with DHHS for care and supervision.

Respondent appeared and participated in the preliminary hearing in November 2024. She informed the trial court that she was living with her grandmother, and she provided her current address. She also disputed many of the allegations, including that she did not share custody of MRW and ARS. After hearing all the testimony, the trial court authorized the petition, ordered WRW to be placed into foster care, and ordered supervised parenting time.

The DHHS subsequently confirmed that, although MRW lived with her father, respondent actually shared equal custody of her. In December 2024, the DHHS amended its petition to request that MRW be removed from respondent's care and that respondent's rights to WRW be terminated at the initial disposition.

On January 24, 2025, a summons was issued for respondent to appear on April 22, 2025, for a combined adjudication trial and termination hearing. According to a proof of service, a process server unsuccessfully attempted to serve respondent with the summons and a copy of the petition at the respondent's last-known address on January 28, 2025. The process server returned to the address on January 30, 2025. Respondent was not present. The summons and a copy of the petition was served on respondent's grandmother, and she signed the certificate of service.

In March 2025, WRW's lawyer-guardian ad litem (LGAL) moved to allow WRW's foster family to travel out of town with her. At the hearing, the LGAL explained: "[W]e have not had any contact with [respondent]. I don't believe [respondent's counsel] has had contact in quite some time, nor the [DHHS], which is why I brought this motion before the Court." Respondent's counsel admitted that she had "not been able to reach [her] client in some time." The trial court granted the motion.

The trial court held the combined adjudication trial and termination hearing on April 22, 2025, as scheduled. Respondent did not appear. Respondent's counsel requested verification whether respondent received proper notice. The trial court found that service was sufficient:

> *Mr. Swears* [counsel for the DHHS]: . . . I just received a copy of the proof of service . . . signed for—by an adult at that residence that [respondent] uses on—it appears to be January 28th and that's been filed with the court, and for the record I am showing a copy of that to defense Counsel.
>
> *The Court*: Any objection to that service? You believe it's proper?
>
> *Ms. Elzinga* [counsel for respondent]: Well, your Honor, it's signed by someone else other than my client, but if it comports with the rules that's where she received the mail, so.
>
> *Mr. Swears*: And the person who signed for it, your Honor, is Dian Matuz at—and according to the communication I had from the court, that is the person on file that [respondent] lives with. That would be an adult residing at the same address; I believe that is sufficient under the personal service rules.

*The Court*: Okay.

*Ms. Elzinga*: If the Court finds it sufficient, I just wanted to verify that she was provided adequate notice.

*The Court*: Okay. Miss Valente, do you believe it's sufficient?

*Ms. Valente* [LGAL]: I do, your Honor.

*The Court*: Okay. I do as well.

At the prosecutor's request, the trial court took judicial notes of the prior proceedings regarding the other children. The DHHS called a CPS investigator as its first witness. After finishing direct examination, the DHHS's counsel requested a recess. The record resumed about 30 minutes later, when the DHHS's counsel explained that it was brought to his attention that respondent was just located in the Muskegon County Jail and was transported to the court. The DHHS was prepared to continue the hearing, but respondent's counsel requested an adjournment on the basis that respondent did not have appropriate attire and needed additional time to speak with her counsel to prepare for the hearing. The LGAL stated that she had no objection to a one-day adjournment. The trial court denied the request and continued with the adjudication, noting that respondent was offered the opportunity to change her clothing, which she refused, and that she was provided proper notice. The court further noted that the caseworker had made attempts to contact respondent, but respondent had failed to keep in contact with the caseworker. The court ordered the DHHS to restart its examination of the CPS investigator. Respondent eventually took the stand and testified against the allegations in the petition.

The trial court determined by a preponderance of the evidence that the requirements for jurisdiction were satisfied for both WRW and MRW. The trial court transitioned into the termination phase of the proceedings for WRW the same day. Respondent's counsel moved to adjourn the hearing for the same reason as her first motion. But the trial court denied the motion.

WRW's foster-care case manager testified regarding WRW's progress in foster care and respondent's lack of participation in parenting time. The trial court took judicial notice of the testimony from the adjudication. The trial court determined that the DHHS satisfied the requirements for termination at the initial disposition under MCR 3.977(E), aggravated circumstances existed, statutory grounds for termination under MCL 712A.19b(3)(i) were proven by clear and convincing evidence, there was a reasonable likelihood that WRW would be harmed if returned to respondent's home, and termination of respondent's parental rights was in WRW's best interests. On that basis, the trial court terminated respondent's parental rights to WRW. This appeal followed.

## II. SERVICE OF PROCESS

Respondent argues that the termination of her parental rights violated her due-process rights because she was not properly served with the summons and notice of the combined adjudication and termination hearing. We agree.

## A. STANDARDS OF REVIEW

"Generally, whether child protective proceedings complied with a respondent's substantive and procedural due process rights is a question of law that this Court reviews de novo. However, an unpreserved claim of constitutional error is reviewed for plain error affecting substantial rights." *In re Sanborn*, 337 Mich App 252, 268; 976 NW2d 44 (2021) (cleaned up). Because respondent did not argue in the trial court that service of process was improper, this issue is not preserved and our review is for plain error affecting substantial rights. *Id*. at 258. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (cleaned up). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. (cleaned up). "The party asserting plain error bears the burden of persuasion with respect to prejudice." *In re MJC*, 349 Mich App 42, 48; 27 NW3d 122 (2023).

## B. ANALYSIS

"It is well established that parents have a significant interest in the companionship, care, custody, and management of their children." *In re Brock*, 442 Mich 101, 109; 499 NW2d 752 (1993). "This interest has been characterized as an element of 'liberty' to be protected by due process." *Id*. "The fundamental requisite of due process of law is the opportunity to be heard." *In re Rood*, 483 Mich 73, 92; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.). This requires notice of court hearings:

> The "opportunity to be heard" includes the right to notice of that opportunity. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [*Id*. (cleaned up).]

The Legislature requires that a parent named in a termination petition receive personal service of a summons before the court may conduct a hearing:

> After a petition shall have been filed and after such further investigation as the court may direct . . . the court may dismiss said petition or may issue a summons reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child, or with whom the child may be, to appear personally and bring the child before the court at a time and place stated: Provided, That the court in its discretion may excuse but not restrict children from attending the hearing. If the person so summoned shall be other than the parent or guardian of the child, then the parents or guardian, or both, shall also be notified of the petition and of the time and place appointed for the hearing thereon, *by personal service* before the hearing, except as hereinafter provided. Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the judge, is necessary.

Any interested party who shall voluntarily appear in said proceedings, may, *by writing*, waive service of process or notice of hearing. [MCL 712A.12 (emphasis added).]

"[S]tatutes requiring notice to parents must be strictly construed." *In re Atkins*, 237 Mich App 249, 251; 602 NW2d 594 (1999). "[P]ersonal service not only provides a parent notice, but also apprises the parent of the charges levied against him or her and affords a reasonable time to prepare a defense." *In re Dearmon*, 303 Mich App 684, 694; 847 NW2d 514 (2014), citing *In re Brown*, 149 Mich App 529, 541-542; 386 NW2d 577 (1986). The statutory requirement of personal service protects a parent's due-process rights. See *id*. See also *In re Ferranti*, 504 Mich 1; 22; 934 NW2d 610 (2019). "A failure to provide notice of a termination proceeding hearing by personal service as required by statute, [MCL 712A.12], is a jurisdictional defect that renders all proceedings in the trial court void." *Atkins*, 237 Mich App at 250-251, citing *In re Adair*, 191 Mich App 710, 713–714; 478 NW2d 667 (1991); *Brown*, 149 Mich App at 534–542. Notably, this Court determined in *Brown*, "the fact that respondent had actual notice does not cure this jurisdictional error." *Brown*, 149 Mich App at 541.

In cases where personal service is impracticable, MCL 712A.13 provides for service of process by alternative methods, including publication:

Service of summons may be made anywhere in the state personally by the delivery of true copies thereof to the persons summoned: Provided, [t]hat if the judge is satisfied that it is impracticable to serve personally such summons or the notice provided for in the preceding section, he may order service by registered mail addressed to their last known addresses, or by publication thereof, or both, as he may direct. . . .

"When determining whether personal service would be impractical, the trial court must determine if reasonable efforts were made to locate the party." *In re Lovitt*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 3. "Substituted service is sufficient to confer jurisdiction on the court." *In re SZ*, 262 Mich App 560, 565; 686 NW2d 520 (2004). However, as this Court determined in *Atkins*, "receipt of the amended petition by respondent's attorney cannot be deemed a proper substitute for personal service on respondent." *Atkins*, 237 Mich App at 251.

The court rules reinforce the necessity of personal service. MCR 3.920(G) states that "[a]fter a party's first appearance before the court, subsequent notice of proceedings and pleadings shall be served on that party or, if the party has an attorney, on the attorney for the party as provided in subrule (D), *except that a summons must be served for trial or termination hearing as provided in subrule (B)*." (Emphasis added.) MCR 3.920(B)(4) states:

(a) Except as provided in subrule (B)(4)(b), a summons required under subrule (B)(2)[2] must be served by delivering the summons to the party personally.

(b) If the court finds, on the basis of testimony or a motion and affidavit, that personal service of the summons is impracticable or cannot be achieved, the court may by ex parte order direct that it be served in any manner reasonably calculated to give notice of the proceedings and an opportunity to be heard, including publication.

Similar to MCL 712A.12, MCR 3.920(F) provides that a respondent may execute a written waiver of notice of hearing or service of process.

In this case, there is no evidence that respondent was personally served with notice of the petition and the time and place for hearing. The proof of service reflects that the summons was delivered to and signed for by respondent's grandmother at the address that respondent last reported to the trial court as her residence. The trial court accepted the DHHS's argument that service was proper because the documents were signed by an adult residing at the same address as respondent. But service of a summons and notice of a termination proceeding on a parent is governed by MCL 712A.12, which requires that the parent be *personally* served. There is also no evidence that the DHHS moved for alternate service or that the trial court determined that personal service on respondent would be impracticable. Moreover, respondent never executed a written waiver of service of process or notice of hearing.

The DHHS argues that respondent's appearance at the adjudication trial and termination hearing and failure to raise objections regarding a specific defect in service constitutes a waiver under MCR 3.920(H). Subsection (H) states, "The appearance and participation of a party at a hearing is a waiver by that party of defects in service with respect to that hearing unless objections regarding the specific defect are placed on the record." At the adjudication trial, respondent's counsel inquired about whether service was proper, but she took no particular position on the issue, noting only that she wanted to verify that respondent was provided adequate notice. The trial was later halted when it was learned that respondent was being held in the Muskegon County jail. Respondent was brought to the courtroom from the jail, and the trial was restarted after the trial court denied her counsel's request for an adjournment. Thereafter, respondent participated in the hearing and testified. But respondent was not afforded a reasonable time to prepare a defense. As this Court recognized in *Brown* and reaffirmed in *Dearmon*, personal service of a summons gives

---

[2] MCR 3.920(B)(2) states in relevant part:

(2) *When Required*. Except as otherwise provided in these rules, the court shall direct the service of a summons in the following circumstances:

\* \* \*

(b) In a child protective proceeding, a summons must be served on any respondent and any nonrespondent parent. . . .

a parent notice of the hearing, apprises the parent of the charges, and affords the parent a reasonable time to prepare a defense. *Dearmon*, 303 Mich App at 694, *Brown*, 149 Mich App at 541-542.

We question whether respondent's appearance and participation in the hearing could be considered voluntary under the circumstances. But it is not necessary for us to resolve that issue because "a probate court's jurisdiction over children is derived solely from the state constitution and statutes." *Brown*, 149 Mich App at 540. See also *SZ*, 262 Mich App at 567-568 (holding that MCL 712A.13, not MCR 3.920, governs alternate service in child protective proceedings). MCL 712A.12 plainly states that a parent must be personally served with notice of a termination proceeding hearing. Although the statute states that personal service may be waived in writing, it does not state that a person's appearance and participation in a hearing constitutes a waiver of any defects in service unless objections regarding the specific defect are made. Thus, there is a conflict between MCL 712A.12 and MCR 3.920. Our Supreme Court has the exclusive authority to determine rules of practice and procedure, but it "is not authorized to enact court rules that establish, abrogate, or modify the substantive law." *McDougall v Schanz*, 461 Mich 15, 27; 597 NW2d 148 (1999); see also *Brown*, 149 Mich App at 540. Because the issue of service is a jurisdictional one, MCL 712A.12 prevails. See *McDougall*, 461 Mich at 37.

Respondent was not personally served with the summons and amended petition. There is no evidence that alternate service was requested or granted or that respondent executed a written waiver of service. Because respondent was not served in accordance with the statutory mandates, the trial court lacked jurisdiction and thus plainly erred by proceeding with the adjudication trial and termination hearing. See *Atkins*, 237 Mich App at 250-251; see also *Lovitt*, __ Mich App at __; slip op at 4. The lack of jurisdiction renders all trial court proceedings void.[3] *Lovitt*, __ Mich App at __; slip op at 3. On this basis, we must vacate the trial court's order of adjudication and order terminating respondent's parental rights to WRW and remand for further proceedings.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ James Robert Redford
/s/ Sima G. Patel

---

[3] Because the proceedings in the trial court are void for lack of personal jurisdiction, we need not address respondent's other argument regarding the trial court's denial of her requests for adjournments of the adjudication trial and termination hearing.