602 N.W.2d 594 (1999)
237 Mich. App. 249
In the Matter of Demonte Christopher ATKINS and Henry Dante Atkins, Minors.
Family Independence Agency, Petitioner-Appellee,
v.
Keisha Chrisronda Harris, Respondent-Appellant, and
Henry Demonte Atkins, Respondent.
Docket No. 212407.
Court of Appeals of Michigan.
Submitted December 1, 1998, at Detroit.
Decided August 17, 1999, at 9:15 a.m.
Released for Publication December 1, 1999.
*595 Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, Judy A. Hartsfield, Assistant in Charge, and Rebekah F. Visconti, Assistant Attorney General, for the Family Independence Agency.
Katherine A. Gonzales, Bloomfield Hills, for Keisha C. Harris.
Before: McDONALD, P.J., and MICHAEL J. KELLY and MARK J. CAVANAGH, JJ.
PER CURIAM.
Respondent-appellant Keisha C. Harris (hereinafter respondent) appeals as of right from the trial court order terminating her parental rights to two minor children under M.C.L. § 712A.19b(3)(c)(i), and (g); MSA 27.3178(598.19b)(3)(c)(i), and (g). We reverse and remand.
Respondent argues that she did not receive sufficient notice of the permanent custody proceedings. We agree. A failure to provide notice of a termination proceeding hearing by personal service as required by statute, M.C.L. § 712A.12; MSA 27.3178(598.12), is a jurisdictional defect that renders all proceedings in the trial court void. In re Adair, 191 Mich.App. 710, 713-714, 478 N.W.2d 667 (1991); In re Brown, 149 Mich.App. 529, 534-542, 386 N.W.2d 577 (1986).
A review of the record indicates that respondent was not served with the amended permanent custody petition, despite the foster care worker's knowledge of respondent's whereabouts. Because statutes requiring notice to parents must be strictly construed, In re Kozak, 92 Mich. App. 579, 582, 285 N.W.2d 378 (1979), receipt of the amended petition by respondent's *596 attorney cannot be deemed a proper substitute for personal service on respondent. In re Brown, supra at 542, 386 N.W.2d 577.
At the adjudication hearing, a dispositional order was entered placing the children in the temporary custody of the trial court. Under M.C.L. § 712A.20; MSA 27.3178(598.20), the trial court could not subsequently proceed to termination without issuance and service of a fresh summons. Contrary to appellee's argument, MCR 5.920(F) does not apply to excuse initial service of a summons for a termination hearing, but, instead, only excuses subsequent, repetitive service after an initial summons for a termination hearing has been properly served and the proceedings are subsequently adjourned to a future date. See, e.g., In re Andeson, 155 Mich.App. 615, 618-619, 400 N.W.2d 330 (1986).
Appellee argues that respondent waived notice of hearing and service of process to future hearings by signing an advice of rights form at the adjudication hearing. The form indicated that respondent had received the temporary custody petition and understood the allegations contained in it, that if the trial court accepted her plea she would be giving up certain rights, that she understood that as a consequence of her admissions, the children might be placed in the temporary custody of the court and her statements could later be used in a proceeding to terminate parental rights, and that she was waiving notice of hearing and service of process to future hearings. Although the requirements of MCR 5.920(E) were met, in that the waiver is in writing and respondent was advised under MCR 5.920(B)(3), only a temporary custody petition had been filed at the time respondent signed the waiver. We do not believe that the form was sufficient to waive notice of hearing and service of process with regard to a petition to terminate respondent's parental rights.
Contrary to respondent's argument, under MCR 5.991(C), the trial court was not required to schedule a hearing to rule with regard to appellee's request for review of the referee's recommendation to dismiss the permanent custody petition.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.