# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. N. LEE-MCCRAY, I. M. PRIBYL, and J. J. MCCRAY-REED, Minors.

UNPUBLISHED
June 7, 2018

No. 340901
Monroe Circuit Court
Family Division
LC No. 16-023906-NA

Before: SERVITTO, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

A parent facing termination of his parental rights is entitled to appointed counsel if he cannot afford to retain a lawyer. If appointed counsel seeks to withdraw from representation, a parent must be notified of this request. A parent is also entitled to written notice of a hearing to determine whether his parental rights will be terminated. Respondent's counsel failed to notify respondent of his intent to withdraw from representation, and the court failed to notify respondent of the date of the termination trial. We vacate and remand for further proceedings.

I

The facts giving rise to the petition seeking termination of respondent's parental rights to his three children are not relevant, and we will not describe them. Instead, we consider the procedural history of this case, which reveals due process violations remediable only by a new trial.

In May 2017, the Department of Health and Human Services (DHHS) filed a petition seeking the termination of respondent's parental rights to his three children. The court appointed attorney John Gonta to represent him. Respondent and Gonta appeared and participated at hearings or pretrial conferences conducted on June 5, June 21, and July 11, 2017. Respondent and an attorney standing-in for Gonta appeared and participated at a pretrial conference on July 29, 2017.

Gonta appeared for a pretrial conference on September 14, 2017, but respondent was absent. Gonta moved to withdraw from representation claiming a "lack of contact." Gonta had not filed a formal motion to withdraw, and there is no record indication that respondent was aware of Gonta's intent to withdraw. When questioned by the court, Gonta claimed that he had sent a text message to respondent around August 16, and received a response. Gonta continued, "My problem is my cell phone that I had then went deficient and this new one that I bought at the gas station doesn't have a log of those messages. But I know he talked to me then by text. . . ."

-1-

Gonta explained that he had respondent's telephone number "in the other phone that is not functional," and that he had made a total of two efforts to contact respondent in the preceding month. The court attempted unsuccessfully to reach respondent at the telephone number on the petition. The court granted Gonta's motion to withdraw.

Eight days later, respondent appeared at a referee hearing and offered to release his parental rights to one of his children. The referee declined to accept the release, deferring the legitimacy of this result to the judge. Respondent advised the referee, "I don't have a lawyer as I don't think Mr. Gonta is my lawyer no more." The referee arranged for the appointment of Steven Jedniak as respondent's new counsel; the trial court signed an order to that effect on September 22, 2017.

A combined adjudication and termination trial was scheduled for September 25 and 28, 2017. Respondent had been personally served with notice of these dates in June. Jedniak appeared on September 25 and requested an adjournment, as he had been appointed only three days earlier. Respondent did not appear at this hearing. The trial court set October 16, 2017, as the new date for the trial and entered a scheduling order to that effect. There is no proof of service in the record reflecting that respondent was notified of the new date.

On October 9, 2017, Jedniak filed a motion to withdraw as respondent's counsel, averring that he had lost touch with respondent and had not had any contact with him since the date of his appointment as counsel. Jedniak served the motion on the prosecuting attorney. He made no effort to serve the motion on respondent, however.

The court convened a final pretrial conference on October 10, 2017, at which it also heard Jedniak's motion to withdraw. The court asked Jedniak if he had sent respondent a notice of hearing. Jedniak replied, "I don't have a known address." Jedniak claimed to have called a telephone number for respondent provided by a DHHS employee, but the person who answered denied knowing respondent. Another DHHS employee, Lauren Beaudry, volunteered that "[t]he Department has an address in Detroit . . . [on] Stockton Street." Beaudry admitted that "we have been unable to serve him as of yet with a Summons giving him notice for the new trial date." The trial court expressed concern about respondent's lack of notice. Beaudry requested "to leave the trial on, he may show up on that date."

The court requested that Jedniak appear for the trial, stating that it would reconsider his motion to withdraw at that time. The court found that respondent had been adequately served with notice of the upcoming trial date because he had been notified of the previous trial date, reasoning as follows:

> *The Court*: -- he's been served. He -- he was expected to be present for trial and while the Court did tell him that that wasn't going to be the trial date, he was told it would be a pretrial date and therefore the Court finds that that does not undermine effective service. He's been served and he's had every opportunity to be present, to contact his attorney, to contact the Court, and he has not done so. And so I don't believe there's a defect in service.

-2-

Respondent did not appear at the October 16 trial. Beaudry reported that she had been told by the mother of one of the children named in the petition that respondent did not plan to attend. The court allowed Jedniak to withdraw and conducted the trial in respondent's absence. The court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*) (parent caused physical injury to child), (g) (failure to provide proper care and custody), (j) (reasonable likelihood that the child will be harmed if returned to parent), and (k)(*ix*) (parent sexually abused the child).

Respondent now appeals. His request for court-appointed appellate counsel identifies his address on Stockton in Detroit, the same address as appears on the initial petition.

II

Respondent contends that he was deprived of his right to counsel. His brief also points out that respondent had no notice of Jedniak's motion to withdraw. While we find that the trial court erred in permitting Jedniak's withdrawal despite Jedniak's failure to serve respondent with the motion, we find more disconcerting the court's failure to properly notify respondent of the October 16, 2017 trial date. Advising a parent of a "potential" date that is later adjourned in favor of a new date does not suffice as sufficient notice, nor can we infer service on this record.

We review de novo whether a child protective proceeding preserved a party's constitutional right to due process. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). Several statues and court rules establish the notice required for termination hearings. "[S]tatutes requiring notice to parents must be strictly construed. . . ." *In re Atkins*, 237 Mich App 249, 251; 602 NW2d 594 (1999).

MCL 712A.19b(2) provides in relevant part:

(2) Not less than 14 days before a hearing to determine if the parental rights to a child should be terminated, written notice of the hearing shall be served upon all of the following:

* * *

(c) The child's parents.

The *manner* of service is set forth in the court rules. MCR 3.977(C)(1) provides that "[n]otice [of a termination hearing] must be given as provided in MCR 3.920 and MCR 3.921(B)(3)." MCR 3.920(D)(3) states that "[n]otice of a hearing on a petition requesting termination of parental rights in a child protective proceeding must be given in writing at least 14 days before the hearing." MCR 3.921(B)(3) recites in relevant part: "Written notice of a hearing to determine if the parental rights to a child shall be terminated must be given to those appropriate persons or entities listed in subrule (B)(2). . . ." The parent of a child and the attorney for the parent are parties entitled to notice under MCR 3.921(B)(2), "unless parental rights have been terminated." Most critically, a respondent must be served with a summons at least 14 days before a termination hearing. MCR 3.920(B)(2)(b); MCR 3.920(B)(5)(a)(i ).

MCR 3.920(G) and (H) include two potential exceptions to the notice requirement:

-3-

(G) Subsequent Notices. After a party's first appearance before the court, subsequent notice of proceedings and pleadings shall be served on that party or, if the party has an attorney, on the attorney for the party as provided in subrule (D), except that a summons must be served for trial or termination hearing as provided in subrule (B).

(H) Notice Defects. The appearance and participation of a party at a hearing is a waiver by that party of defects in service with respect to that hearing unless objections regarding the specific defect are placed on the record. If a party appears or participates without an attorney, the court shall advise the party that the appearance and participation waives notice defects and of the party's right to seek an attorney.

Subrule (H) does not apply, as respondent did not appear at the termination hearing.

The trial court apparently determined that because respondent was served with notice of the initial trial date (September 25) and could have presented himself for trial on that day, he was constructively served for the adjourned date (October 16). We do not interpret the statute to permit constructive notice, however. In our view, the statute and the court rule mandate that a respondent be provided with actual notice of a termination trial date. Service may occur at a hearing rather than by summons, but the record reveals that respondent was never served in any manner with notice of the October 16 trial date. This defect in the proceedings, standing alone, requires us to vacate the termination order and remand for a new trial.

A second procedural error buttresses our conclusion. Neither attorneys Gonta nor Jedniak served respondent with their motions to withdraw as his counsel, or with the orders permitting their withdrawal. Respondent was entitled to believe that he was represented by counsel during the proceedings until informed otherwise. Further, "[a]n attorney who represents a client cannot withdraw from a case in a manner which leaves his client without notice and without an adequate opportunity to seek other representation." *People v Bruinsma*, 34 Mich App 167, 177; 191 NW2d 108 (1971).

We vacate the order terminating respondent's parental rights and remand for a new trial. The trial court shall appoint new counsel for respondent if he requests counsel. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens