*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* EDWARDS, Minors.

UNPUBLISHED
October 27, 2022

No. 360850
Kalamazoo Circuit Court
Family Division
LC No. 20-000102-NA

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to two minor children. Respondent argues that the court failed to properly serve him with a summons and notice of the termination hearing, at which he was not present. We agree, vacate the order of termination and remand for further proceedings.

Respondent was properly served with notice of the initial petition that did not seek termination of his parental rights. The trial court assumed jurisdiction over the children after respondent appeared before the court and entered a plea of admission. At issue is whether the supplemental petition and summons for the termination hearing were served on respondent as required by statute.

Statutes requiring notice to parents in termination proceedings are strictly construed. See *In re Atkins*, 237 Mich App 249, 251; 602 NW2d 594 (1999). MCL 712A.20 provides that

> [i]f the child is placed in the temporary custody of the court, no supplemental order of disposition providing permanent custody, or containing any other order of disposition shall be made except at a hearing pursuant to issuance of summons or notice as provided in [MCL 712A.12 and MCL 712A.13] or at a rehearing provided by section 19 of this chapter.

"A parent of a child who is the subject of a child protective proceeding is entitled to personal service of a summons and notice of proceedings." *In re SZ*, 262 Mich App 560, 565; 686 NW2d 520 (2004), citing in part MCL 712A.12. "A failure to provide notice of a termination proceeding hearing by personal service as required by statute is a jurisdictional defect that renders all proceedings in the trial court void." *In re Atkins*, 237 Mich App at 251 (citations omitted). See

also *In re Terry*, 240 Mich App 14, 21; 610 NW2d 563 (2000). If the court determines that personal service is impracticable, the court may order "service by registered mail addressed to [the persons summoned] last known addresses, or by publication thereof, or both . . . ." MCL 712A.13.

In this case, petitioner moved for alternative service on the basis that personal service was impracticable because of COVID-19, the unavailability of a process server, court closure, and social distancing. The trial court granted the motion and ordered that the supplemental petition and summons for the termination hearing be served on respondent via first-class mail. The proof of service for these documents reflected that respondent was served by "ordinary mail," rather than registered mail. Accordingly, there is no evidence that respondent was served with the supplemental petition and termination-hearing summons via personal service, registered mail, or publication, as required by MCL 712A.13.

Further, the notice appears to have been sent to the wrong address. On April 15, 2021, the caseworker filed a notice of current address indicating that respondent's address ended with a zip code of 49348. On May 14, 2021, a document sent to respondent at this address was returned as undeliverable.[1] That document was resent using a different zip code, 49034, and no subsequent return of document appears in the lower court file. Petitioner concedes on appeal that 49034 is the correct zip code for respondent's last known address. But the proof of service filed on August 12, 2021, for the summons of the termination hearing again lists the zip code for respondent's address as 49348, i.e., the zip code that resulted in a document sent to respondent being returned as undeliverable. Although there is no indication in the record that the documents relating to the termination hearing were returned as undeliverable, the use of the erroneous zip code does not engender confidence that the notice was actually received by respondent.

In any event, for the reasons discussed, service was not made in accordance with the requirements of MCL 712A.13. Accordingly, the trial court lacked jurisdiction to terminate respondent's parental rights at the September 2021 termination hearing, and the court's order terminating respondent's parental rights is void. See *In re Atkins*, 237 Mich App at 250-251.

We vacate the trial court's order terminating respondent's parental rights and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[1] The letter is labeled "NSN," which means "no such number" and indicates that the piece of mail is not deliverable as addressed. United States Postal Service Link, What's NSN? <https://link.usps.com/tips_of_the_day/whats-nsn/> (accessed October 17, 2022).